SCHOTT, Judge.
Plaintiffs have appealed from a dismissal of their action to enjoin defendant, International Property Management, Inc., from proceeding with construction work at 4139 St. Charles Avenue in New Orleans.
On April 14, 1975, the Department of Safety and Permits of the City of New Orleans, approved defendant’s application for and issued a building permit for the work. The application specified that repairs to the lounge at that address were to be made at a cost of $60,000. On May 6, 1975, the Department approved the plans submitted in connection with the building permit. On July 14 plaintiffs filed this suit for injunction on the ground that defendant’s repairs consisted of the erection, reconstruction, conversion and structural alteration of and increase in the cubical content and floor area of the premises in violation of the Comprehensive Zoning Ordinance of the City of New Orleans which prohibits such construction in a legal nonconforming use.
Defendant filed declinatory and peremptory exceptions on the ground that plaintiff’s right of action had perempted and *525 prescribed, and such exceptions were maintained by the trial court following a trial thereon.
Pursuant to LSA-R.S. 33:4727, the City of New Orleans by Art. 13 of its Comprehensive Zoning Ordinance adopted April 23, 1970, established a Board of Zoning Adjustments. Section 4 of Article 13 provides that any party aggrieved by a decision of the Director of Safety and Permits may appeal to the Board and requires that such an appeal be taken “within a reasonable time, as provided by the rules of the Board The rules provide that such an appeal shall be taken within 45 days from the date of a determination by the Director. Section 16 of Article 13 provides that a person aggrieved by a decision of the Board “may present to the Civil District Court of the Parish of Orleans, within thirty (30) days after filing of the decision in the office of the Board, a writ of certiorari” to review the Board’s decision. This procedure is specifically authorized by R.S. 33:4727.
R.S. 9:5625 provides that all actions brought by any person to require enforcement and compliance with any zoning restriction and based upon the violation by any person of such restriction must be brought within two years from the date of the violation.
In maintaining the plea of prescription or preemption the trial judge held that plaintiffs were relegated to the procedure set out in the zoning ordinance pursuant to R.S. 33:4727 and rejected plaintiffs’ contention that the two year prescription set out in R.S. 9:5626 was applicable. We affirm.
Art. 201 of the New Orleans Building Code makes it unlawful to proceed with alterations or repairs without obtaining a building permit from the Director of Safety and Permits. This article provides that no permit will be granted except in conformity with other applicable ordinances. Article 12 of the Comprehensive Zoning Ordinance of the City of New Orleans contains restrictions on repairs for non-conforming uses including a prohibition against structural alterations, and a requirement that the Director at the time an application is filed for a use and occupancy certificate (in connection with a building permit) shall make a determination as to the existence of the non-conforming use and shall require the owner of the property to produce acceptable evidence attesting to the legal non-conforming status. Article 208 of the building code requires that the Director furnish to the applicant for the building permit a placard showing the permit number and requires that this placard “be conspicuously exposed on the building site in front of said building.”
The placard was introduced in evidence at the trial of the exceptions and it shows that the work consists of non-structural repairs to existing lounge as per plan and that the estimated cost of the work is $60,-000. Other evidence consisted of the testimony of defendant’s agent who described the work as to include the removal of nonsupporting partitions and the removal and the rebuilding of the rear section of the building which was unsafe. He said that the interior portion of the building would be smaller, not larger, but that a patio would be added in the area where air conditioning and mechanical equipment were formerly housed. He also testified that the work would cost approximately $60,000.
Plaintiffs did not show that the construction was in violation of the ordinance with respect to repairs and renovations on buildings which are legal non-conforming uses. Article 14, Section 2, Definition 105, of the Zoning Ordinance defines structural alterations as changes in the supporting members of a building such as bearing walls or partitions and it specifically excludes such repairs as may be required by an official governmental agency for the safety of the building. The scope of the work as described by defendant’s agent was not included in this definition. Plaintiffs did establish that the square footage of the lounge would be increased but this was explained as the result of the removal of non-structural partitions, change in the location of mechanical equipment and the use of areas previously not used. Plaintiffs rely on Section 3 of Article 12 of the zoning ordinance which *526 prohibits an increase in the square footage of a non-conforming area but this section applies only to the situation where a building having a non-conforming use is destroyed and rebuilt under the ordinance. The limitation has no application to this case.
Plaintiffs contend that the two year statute of limitation provided by R.S. 9:5625 cannot be modified or contravened by a city ordinance. But the ordinance establishing the 45-day limit for appeals to the Board of Zoning Adjustments is specifically authorized by R.S. 33:4727. We see no conflict between the two statutes. Under R.S. 33:4727 the Board has the power:
“1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of R.S. 33:4721 through R.S. 33:4729, or of any ordinance adopted pursuant thereto.
“2. To hear and decide all matters referred to it or upon which it is required to pass under the ordinance.”
Article 13, Section 8, of the Comprehensive Zoning Ordinance provides that “The Board shall hear and decide appeals when it is alleged there is error in any order, requirement, decision, or determination made by the Director of Safety and Permits, in the enforcement of this ordinance.”
R.S. 9:5625 provides a plaintiff with an injunctive remedy in the event of a violation of the law by a defendant.
Plaintiffs have not proved that the law was violated by defendant or the City in connection with the application. The evidence shows that all of the requirements were complied with and that the defendant had the right to seek and the City the ministerial duty to issue a permit for the work. Plaintiffs alleged in their petition that defendant’s work was in violation of the zoning ordinance as to a legal non-conforming use, and had they been able to prove these allegations injunctive relief would have been available, but the evidence shows otherwise.
Furthermore, if plaintiff had shown that defendant was engaged in work on the premises beyond the scope of the permit which had been issued to it, they would have been entitled to injunctive relief because this would have constituted a violation. The evidence did not show that defendant was performing any work beyond the permit which was issued in compliance with the law.
Finally, plaintiffs contend that their constitutional rights were violated because they had no notice of the repairs in time to file an appeal to the Board of Zoning Adjustments within the 45-day limitation, commencing when the work in fact began. The plaintiffs offered no evidence to prove this allegation. Defendant’s witness testified that as of the time of the trial, on July 21 to 23, 1975, $5,000 had already been spent on the project and some of the work had been completed. We must presume in the absence of a showing to the contrary that defendant complied with Article 208 of the Building Code requiring that the building permit placard be posted outside of the building constituting a notice to plaintiffs who were residents of the neighborhood. Had plaintiffs proved that the work had taken place but that defendant failed to post the placard as required they would have established a violation of the ordinance by defendant and the applicability of R.S. 9:5625. They failed to produce any such evidence.
We have held that the trial judge correctly maintained defendant’s exceptions based upon the evidence presented at the trial. Our opinion should not be construed to prevent plaintiffs or anyone else from obtaining injunctive relief under R.S. 9:5625 in the event that a violation has occurred or will occur in the future.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.