371 So.2d 324 (1979)
Mrs. Ellen Cohen, Wife of/and Theodore M. BRENNAN
v.
BOARD OF ZONING ADJUSTMENTS OF the CITY OF NEW ORLEANS et al.
No. 9884.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
Thomas M. McBride III, Chalmette, for plaintiffs-appellants.
Manard, Schoenberger & Ryan, William F. Ryan, New Orleans, for Dr. and Mrs. Arthur Davidson, intervenors-appellees.
*325 Before LEMMON, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
This appeal brought by Mr. and Mrs. Theodore M. Brennan puts at issue the right of property owners to complete home renovation construction begun under a permit issued by the City of New Orleans which inadvertently approved construction that violates the provisions of the Comprehensive Zoning Ordinance for the City of New Orleans.
After buying the property at 1238 Third Street, appellants commissioned an architect to draw plans for interior renovation and exterior additions consisting of a three-foot raised terrace extending to the property line and a pet niche (known in some circles as a dog house). Frederick Forstall, Jr., of G & F Construction Company, as appellants' contractor, obtained Permit No. B-16614 on October 20, 1976 to perform the work in accordance with the architect's plans.
Because the interior work was undertaken first, it was not until March 1977 that the exterior construction alerted neighbors of the impending zoning violation. Intervenors, Dr. and Mrs. Arthur Davidson, whose property abuts the appellants' on the rear and side property lines, attempted to resolve the problem with discussions personally and through their attorney. When this failed, they obtained a "Stop Work" order through the Permits Department on May 13, 1977. Appellants claim that at this point in time the renovation was 95% completed and some $24,000 of the $25,000 contract price had been expended.
Appellants' response to the Stop Work order was to appeal to the Board of Zoning Adjustments of the City of New Orleans to permit the variance necessary to allow completion of the renovation as designed. The plans violate zoning regulations in two respects: (1) The terrace and pet niche are designed to be built over an area exceeding 60% of the rear yard, which violates the 40% maximum rear yard allowance an accessory structure is permitted to occupy by the zoning laws;[1] and (2) The additions were not planned to allow a three-foot setback from the rear and side property lines.
On July 7, 1977 the Board of Zoning Adjustments granted plaintiffs partial relief to permit "* * * the terrace to be erected at no more than one foot above grade and remain three feet within the property line maintaining existing shrubs and fence. The pet niche have door to rear yard remain closed."
Unsatisfied with this ruling, the Brennans then petitioned the Civil District Court[2] to grant certiorari to review and reverse this ruling, permit the variance originally requested, and issue a writ of mandamus to recall and set aside the Stop Work order. The trial court, after considering the matter, dismissed plaintiffs' suit and declined the mandamus.
Appellants first contend that intervenors, were they to challenge the validity of the permit, had only 45 days from the time of its issuance to appeal. They cite Abaunza v. Roussou, 339 So.2d 524 (La.App. 4th Cir. 1976), to support this proposition. While it is true there is a 45-day limitation for appeals from any decision of the Director of Safety and Permits, this does not supersede the provision of R.S. 9:5625 permitting actions to enjoin the violation of zoning regulations within a two-year period.
Appellants argue that the intervenors should have filed a suit for injunction rather than seek a stop work order from the Permits Department; however, rather than challenge the legality of this procedure at the time, the Brennans chose to seek a variation permit from the Board of Zoning Adjustments.
*326 This step impliedly waives any complaints to the procedure used to obtain the Stop Work order. We also point out that had the validity of the Stop Work order been tested and determined adversely to the Davidsons, they would have still had a remedy by injunction. We hold that once the Brennans submitted the appeal for a variation they acquiesced in the Stop Work order and cannot now complain of procedural error because they did not accomplish their purpose by the appeal to the Board of Zoning Adjustments.
Appellants further challenge the ruling as the deprivation of a vested right. This court held in Nassau Realty Co. v. City of New Orleans, 221 So.2d 327 (La.App. 4th Cir. 1969), that when a building permit is issued in error, the licensee does not acquire a vested property right in such permit. In weighing the respective rights of the property owners in this case, we point out that the intervenors, residents of this area for some 22 years, and the other neighbors who voiced opposition to the Brennans' proposed zoning violations, also have property rights to protect when they voice objections to proposed infractions. It should also be noted that the opponents of the renovations could not have become aware of the problem until more than 45 days after the permit was issued because of the progress in construction.
The only question remaining is whether plaintiffs are entitled to relief because in making a determination the Board abused its discretion. We point out that granting a zoning variation is a discretionary and not a mandatory function of the Board; therefore, mandamus would not lie. Greenup v. City of New Orleans, 212 So.2d 235 (La.App. 4th Cir. 1968). As a reviewing court, we may not substitute our judgment for that of the Board. The scope of our review is to decide whether the agency decision is supported by substantial and competent evidence. See discussion in Gertler v. City of New Orleans, 346 So.2d 228 (La. App. 4th Cir. 1977). In this case the record supports the decision reached. We find no abuse of discretion.
For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Comprehensive Zoning Ordinance for the City of New Orleans Art. X, § 12(2).
[2] Made parties defendant were the Board of Zoning Adjustments of the City of New Orleans and its individual members, Edward C. Kurtz, director of the Department of Safety and Permits of the City of New Orleans, and the City of New Orleans.