| iBARRY, Judge.
On December 6,1994 Palm Air Civic Association (PACA) filed for injunctive relief and a judgment declaring that the radiopharmacy operated by Syncor International Corporation was prohibited by the Comprehensive Zoning Ordinance (CZO). PACA claimed that the City’s permit was void under the CZO, and the City and the Department of Safety and Permits (DSP) Zoning Administrator (Paul May) failed to enforce the CZO and its regulations. PACA also sought to enjoin Syncor from operating the radiophar-macy or nuclear pharmacy at 9501 Airline Highway which was zoned C-l, general commercial district. Syncor, the City of New Orleans, and Paul May filed exceptions of prematurity and prescription. The trial court maintained the exceptions of prescription and overruled the exceptions of prematurity as moot.
Palm-Air Subdivision is near the Orleans/Jefferson Parish line and bordered by Airline Highway (originally known as Holly-grove). PACA is an association of citizens who live in the subdivision. The radiophar-macy is located across the street from the nearest row of Palm-Air residents. On September 28, 1993 Paul |2May issued a building permit to Syncor for 9501 Airline Highway. The permit was for “New construction of Radio Pharmacy....” Under specific occupancy was listed “office bldg.” The operation of a radiopharmacy involves the packaging of doses and distribution of radiopharmaceuticals to hospitals and clinics. PACA alleges that its members did not learn of Syncor’s intended use until March or April, 1994.
Due to PACA’s concerns the New Orleans City Council on April 21, 1994 unanimously passed a resolution declaring that DSP should issue a stop work order to allow the City Attorney’s Office to issue a legal opinion. DSP did not issue the stop order and the building was completed in July, 1994. A certificate of use and occupancy for the ra-diopharmacy was issued August 12, 1994. On August 25, 1994 Syncor began operating a radiopharmacy.
The City Attorney’s Office issued two opinions to the City Council. An opinion dated May 6, 1994 concluded that DSP’s Director’s determination that a radiopharmacy might be located in a C-l district was “questionable although not necessarily unreasonable.” It noted that radiopharmacy and pharmacy are not listed as permitted uses in a C-l district, *1187 but pharmacies have been allowed under a broad interpretation of permitted uses under general business and general retail zoning. The opinion declared that “should this decision [May’s issuance of a permit] be challenged, the courts could strictly construe the C-l district regulations to prohibit the proposed radiopharmacy usage....” The City Attorney issued an opinion on June 20, 1994 which noted the broad interpretation given to the CZO to allow pharmacies and other uses not specifically listed for a C-l district. It stated that the presence of radioactive materials alone should not bar an otherwise | ^permitted use, and concluded that the Zoning Administrator was not arbitrary and capricious when he issued the permit.
The only issue is prescription. PACA argues that its petition was timely under La. R.S. 9:5625 A which provides that “[a]ll actions ... brought ... to require enforcement of and compliance with any zoning restriction, building restriction or subdivision regulation, ... based upon the violation ... of such restriction or regulation, must be brought within two years from the first act constituting the commission of the violation....”
The defendants argue that the applicable prescriptive period is in La.R.S. 33:4727, the CZO, and Board of Zoning Adjustments (BZA) rules. La.R.S. 33:4727(C)(2)(a) and CZO art. 13, § 4 provide that a person aggrieved by a DSP decision may appeal that decision to the BZA and such an appeal shall be taken within a reasonable time as provided by BZA’s rules. The BZA Rules of Procedure and Policy art. II, § 6 provides that every appeal “shall be taken within forty-five (45) days” from the date of a decision or determination by the Director of DSP.
The defendants mistakenly rely on Abaunza v. Bolian, 339 So.2d 524 (La.App. 4th Cir.1976), where the trial court rejected the argument that the two year period in La.R.S. 9:5625 was applicable. This Court declared that plaintiffs seeking an injunction were relegated to the procedure in the zoning ordinance (45 days to appeal under BZA rules). This Court affirmed the trial court judgment which maintained exceptions raising peremption and prescription and dismissed the petition to enjoin. However, Abaunza is not on point. There DSP issued a building permit on April 14, 1975 and approved the owner’s plans for repairs to a lounge on May 6,1975. On July 14, 1975 a petition for an injunction was filed Ualleging that the lounge owner’s “repairs” to the building violated the CZO. The lounge owner’s exceptions claimed that the action had prescribed. Plaintiffs argued that La.R.S. 9:5625’s two year period could not be modified or contravened by the city zoning ordinance which utilized the 45 day time period set out in the BZA rules (specifically authorized by R.S. 33:4727). Id. Noting that there was no conflict between La. R.S. 33:4727 and R.S. 9:5625, Abaunza declared that under R.S. 33:4727 the BZA has the power to hear and decide appeals where there is an alleged error in any decision by an administrative official. CZO art. 13, § 8 provides that the Board “shall hear and decide” appeals when it is alleged that there is an error in any DSP decision or order, whereas “La.R.S. 9:5625 provides a plaintiff with an injunctive remedy in the event of a violation of the law by a defendant.” Id. at 526. This Court concluded that after trial the plaintiffs had not proved a CZO violation; if the plaintiffs had established a violation of the ordinance, La.R.S. 9:5625 would have applied. This Court held that “the trial judge correctly maintained the defendant’s exceptions [peremption and prescription] based upon the evidence presented at the trial” and noted that its opinion “should not be construed to prevent plaintiffs or anyone else from obtaining injunctive relief under R.S. 9:5625 in the event that a violation has occurred_” Id. Unlike the plaintiffs in Abaunza, PACA has not had an opportunity to prove a violation at trial.
This Court’s subsequent opinions involving similar prescription arguments clearly hold that La.R.S. 9:5625 is not superseded by the zoning ordinance. Redfearn v. Creppel, 436 So.2d 1210 (La.App. 4th Cir.1983), rev’d in part on other grounds, 455 So.2d 1356 (La.1984), involved a judgment which enjoined the owners of the Columns Hotel from operating a bar and/or lounge and serving ¿alcoholic beverages upon the premises except to guests at private parties. The own *1188 ers’ prescription exception (filed in this Court), which alleged that the area residents’ action was not filed within 45 days of the DSP certificate, was overruled. This Court concluded that the petition for injunction had not prescribed because it was filed within two years of the first act constituting a CZO violation: “While it is true there is a 45-day limitation for appeals from any decision of the Director of Safety and Permits, this does not supersede the provision of R.S. 9:5625 permitting actions to enjoin the violation of zoning regulations within a two-year period.” Id. at 1213, quoting Brennan v. Board of Zoning Adjustments of New Orleans, 371 So.2d 324, 325 (La.App. 4th Cir.1979).
In Brennan, 371 So.2d at 324, the owners of a house obtained a permit for renovations on October 20, 1976. The neighbors did not obtain a stop work order until May 13, 1977 because the violations were not visible until March, 1977 and they attempted to personally resolve the matter. In response to the stop work order, the owners applied for a variance and were granted partial relief by the BZA. Not satisfied, they'filed a petition for review and the trial court dismissed the suit. The owners argued that the neighbors had not challenged the validity of the permit within the 45 day period, but this Court held that the 45 day period did not supersede the statute’s two year period. Id.
Additionally, 1993 La.Acts, No. 1025, § 1 added Subsection E to La.R.S. 9:5625: “The provisions of this Section shall supersede any other provisions of law inconsistent herewith.”
CZO art. 5, § 12, general commercial district, declares that the purpose of a C-1 district is to provide locations for “a variety of commercial and miscellaneous service activities.” Uses permitted in a C-1 district also include | (¡those allowed in B-1 or B-2 districts including general business or professional offices and general retail and service establishments. In its petition PACA alleged that Syncor’s radiopharmacy’s location in a C-1 general commercial district violated CZO art. 4, §§ 1 and 5, which provide that no building or land shall be used and no building erected “unless in conformity with the regulations set forth in this Ordinance” and “uses not specifically listed [for the district] are prohibited” unless the contrary is clear from the context of the lists or other regulations. Radiopharmacy or nuclear pharmacy is not listed in CZO art. 5, § 12, general commercial district, and is not listed as a permitted use anywhere in the CZO. PACA claimed that the location of Syncor’s radiopharmacy in a C-l general commercial district violated the CZO because radiopharmacy was not listed as a permitted use in CZO art. 5, § 12 and it is not clear whether a radiopharmacy is a permitted use in a C-l district. PACA also alleged that the use permit issued by DSP was void under CZO art. 15, § 2.2 because the proposed use of the building as a radio-pharmacy did not conform to the CZO requirements.
PACA filed its petition for declaratory and injunctive relief claiming a violation of the CZO within two years of the first act which allegedly constituted a violation, the issuance of the building permit on September 28, 1993. The trial court erred by maintaining the exception of prescription prior to trial during which PACA would have an opportunity to prove a violation of law.
The judgment is reversed and the matter remanded for further proceedings.

REVERSED; REMANDED.