709 So.2d 258 (1998)
PALM-AIR CIVIC ASSOCIATION, INC.
v.
SYNCOR INTERNATIONAL, CORPORATION; The City of New Orleans; and Paul May, In His Capacity as Zoning Administrator of The Department of Safety & Permits.
No. 97-CA-1485.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1998.
*259 Eileen Budd, Student Attorney, Thomas W. Milliner, Supervising Attorney, Tulane Environmental Law Clinic, New Orleans, for Palm-Air Civic Association.
William D. Treeby, Stephanie D. Shuler, Stone, Pigman, Walther, Wittman & Hutchinson, L.L.P., New Orleans, for Syncor International Corporation.
Evelyn F. Pugh, Deputy City Attorney, Deborah L. Wilson, Chief of Civil Litigation, Avis Marie Russell, City Attorney, City Hall, New Orleans, for City of New Orleans and Paul May, in his Capacity as Zoning Administrator of the Department of Safety and Permits.
Before SCHOTT, C.J., and LOBRANO and WALTZER, JJ.
WALTZER, Judge.
STATEMENT OF THE CASE
Palm-Air Civic Association, an unincorporated association, filed suit seeking declaratory judgment that (1) a radiopharmacy operated by Syncor International Corporation at 9501 Airline Highway is prohibited by Art. 4, sections 1 and 5 and the D-1 District Regulations of the Comprehensive Zoning Ordinance of the City of New Orleans, and (2) by allowing Syncor to construct and operate its radiopharmacy at 9501 Airline Highway, a C-1 General Commercial District, the City of New Orleans and its Zoning Administrator for the Department of Safety and Permits, Paul May, failed to enforce Art. 4, sections 1 & 5, Article 15, section 2.2(1)(c) and the C-1 District regulations of the Comprehensive Zoning Ordinance. Palm-Air seeks a permanent injunction enjoining Syncor from operating the radiopharmacy and requiring enforcement of the pertinent sections of the Comprehensive Zoning Ordinance.
The trial court granted defendants' exception of prescription and overruled their exceptions of prematurity as moot. This Court reversed and remanded, finding that the trial court erred by maintaining the exception of prescription prior to trial during which Palm-Air would have an opportunity to prove a violation of law. Palm-Air Civic Ass'n, Inc. v. Syncor Intern. Corp., 95-0934 (La. App. 4 Cir. 1/19/96), 667 So.2d 1185, 1188, writ denied, 96-0754 (La.5/17/96), 673 So.2d *260 609, the Supreme Court noting in denying writs, "Relator may reraise the issues on appeal in the event of an adverse judgment."
Defendants answered Palm-Air's petition. Palm-Air and Syncor filed cross motions for Summary Judgment. The trial court denied Palm-Air's motion and granted defendants' motion. Palm-Air appeals from that judgment, and Syncor answered the appeal seeking sanctions for frivolous appeal. We affirm and deny the request for sanctions.

STATEMENT OF FACTS
Syncor filed a series of affidavits and evidence in support of its Motion for Summary Judgment. The affidavit of Paul May established that he has been employed as the City's Zoning Administrator for the Department of Safety and Permits since 1981, and for the ten years prior thereto, he was employed as a New Orleans City Planning Commission Planner. Because of his background, he is thoroughly familiar with the City's official map of zoning districts, the land use history and the zoning district and regulations for the subject property, which is located in a C-1 General Commercial Zoning District. At all relevant periods, the C-1 zoning districts were governed by Article 5, Section 12 of the City's Comprehensive Zoning Ordinance, which lists permitted uses for each zoning district and provides in Article 4, Section 5 that "unless the contrary is clear from the context of the lists or other regulations of the Ordinance, uses not specifically listed are prohibited." "Radiopharmacy" was not listed as a permitted use in ANY of the City's zoning districts nor was it defined by the ordinance. May testified that when faced with a proposed use which is not listed in any district in the ordinance, it has been the consistent practice for the Department of Safety and Permits to look at what uses the proposed use is most similar to and to permit the use in those districts which the Department concludes it is most similar to. This policy allows the City to permit uses which may be new technological or innovative concepts without having to wait for amendments to the ordinance. May stated that it has never been the department's policy to deny permission for a proposed new use merely because it is not listed in the ordinance. May concluded that C-1 districts permit general business or professional offices and general retail, service and repair establishments. Pharmacies, drug stores and offices have historically been permitted in C-1 districts under a broad construction of the permitted general business and general retail uses. In the context of the lists or other regulations of the ordinance, the radiopharmacy was considered to be appropriate.
The manager of Syncor's pharmacy, Zeta L. Hayes, provided an affidavit establishing that Syncor charges its customers sales tax in connection with their purchases of pharmaceutical products, unless the customer has tax-exempt status, which further supports the retail nature of the business.
Kristina Wittstrom, a Board Certified Nuclear Pharmacist since 1982 who is Syncor's Program Manager, Educational Resources, Pharmacy Development, Quality and Regulatory Department, provided an affidavit outlining her experience as a pharmacist, radiation safety officer and manager of a local Syncor facility similar to the pharmacy in question. According to Wittstrom, Syncor services approximately 192 hospitals and clinics in the New Orleans area, and its principal business activity consists of preparing and dispensing pharmaceuticals that contain small amounts of radioactive materials. The technology allows physicians to investigate the function of various organs by the use of injectable radioactive dyes or inhalants without the risk or expense to the patient of surgery. The radiopharmaceuticals have no metabolic effect on the human body and are specifically designed to imitate naturally occurring substances found in the body. Syncor does not manufacture products, but prepares doses, mixing drugs with a radioactive isotope and tests for purity. Thus, the radiopharmacy is not an operation in the nature of a nuclear reactor, generating nuclear waste. Syncor dispenses the drugs to the ordering physician, upon his or her order for specific patients. The New Orleans service center, occupying approximately 4500 square feet, contains approximately 2,700 square feet of office space and approximately 1800 square feet dedicated to preparation and storage of *261 radiopharmaceuticals. Syncor is regulated by the Louisiana Department of Environmental Quality, Office of Air Quality and Radiation Protection, the Occupational Safety and Health Administration (OSHA), Department of Transportation (DOT), Food and Drug Administration (FDA) and Louisiana Board of Pharmacy, and has committed to keep environmental radiation exposure at or below 50% of the federal maximum radiation exposure level. Syncor's New Orleans pharmacy has its own Pharmacy Radiation Safety Officer. Syncor's Radiation Safety Committee performs a documented formal review of the corporate radiation safety program including operating procedures, radiation exposure records, audits and consultation with radiation protection staff. Syncor continuously monitors for release of radioactivity into the outside air and performs daily radiation surveys both inside and outside the building. In addition, the Louisiana Department of Environmental Quality inspects the pharmacy regularly to ensure it follows all applicable State and Federal regulations. The Airline Highway site is currently in compliance and has previously complied with local and state radiation control regulations and there have been no incidents at the facility in which either employees or the community were exposed to radioactive materials in excess of State and Federal limits.
Palm-Air submitted no affidavits in support of its Motion for Summary Judgment and submitted no countervailing affidavits in opposition to Syncor's Motion for Summary Judgment.

SUMMARY JUDGMENT STANDARD
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of actions such as this. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A.(2). A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2).
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967, Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323, 326.
Act 483 of 1997 amending La.C.C.P. art. 966 has been applied retroactively to a case decided in the Court of Appeal prior to enactment of the amendments. Kaufmann v. Fleet Tire Service of La., Inc., 97-1428 (La.9/5/97); 699 So.2d 75.
Palm-Air submitted no evidence that May acted in an arbitrary and capricious manner in issuing the Syncor permit; it submitted no expert evidence that the Syncor operation presented a potential source of danger to the neighborhood; it submitted no evidence that the radiopharmacy generated "nuclear waste" as that term is used in the Comprehensive Zoning Ordinance. Indeed, Palm-Air submitted no evidence of any kind to support its motion or to oppose defendants' motion. Palm-Air failed to meet its burden of proof under La.C.C.P. arts. 966 and 967.

*262 STANDARD OF REVIEW

It is the clear law of this state that whether to permit a use not listed by name in the comprehensive zoning ordinance in a particular zoning district involves the exercise of the zoning authority's discretion, and, therefore, is reviewable under the arbitrary and capricious standard. Furr v. Mayor and City Council of Baker, 408 So.2d 248 (La. 1981); Lake Forest, Inc. v. Board of Zoning Adjustments of City of New Orleans, 487 So.2d 133 (La.App. 4 Cir.) writ denied 496 So.2d 1030 (La.1986). Palm-Air argues that the Zoning Administrator committed an error of law in issuing the permit; however, his determination that the radiopharmacy fit within the ambit of the C-1 District was a factual determination. The Louisiana Administrative Procedure Act, which Palm-Air contends provides for a different standard of review, is not applicable to the City of New Orleans Department of Safety and Permits under the facts and circumstances of this case.

FIRST ASSIGNMENT OF ERROR: The trial court erred in granting the Defendants' Cross-Motion for Summary Judgment.
The first principle of zoning law is that because zoning ordinances are in derogation of a citizen's constitutionally protected right to own and use his property, they must be construed, when subject to more than one reasonable interpretation, according to the interpretation which allows the least restricted use of the property. City of New Orleans v. Elms, 566 So.2d 626, 632 (La.1990), superseded by Statute, see Parish of Jefferson v. Jacobs, 623 So.2d 1371 (La.App. 5 Cir.1993). The Supreme Court reiterated the arbitrary and capricious standard that had been found in our jurisprudence as early as 1923 (State ex rel. Civello, 154 La. 271, 97 So. 440 (1923)) in Palermo Land Co. v. Planning Com'n of Calcasieu Parish, 561 So.2d 482, 493 (La. 1990), holding that the burden of proof is on plaintiffs to show an arbitrary and unreasonable exercise of authority, and that whenever the propriety of a zoning decision is debatable, it will be upheld. Thus, doubts as to the reasonableness of the City's action in issuing the permits at issue herein are to be resolved in favor of the defendants.
The 6 May 1994 opinion letter issued by the New Orleans City Attorney's Office to Councilmember Peggy Wilson found no evidence of arbitrary or capricious action by the Zoning Administrator. The 20 June 1994 opinion letter of the successor City Attorney to Councilmember Suzanne Haik-Terrell confirmed the prior opinion and noted that if the Comprehensive Zoning Ordinance is strictly construed not to permit any activity not specifically listed as permitted, as Palm-Air argued, changes in technology "will leave the City's development paralyzed." The City Attorney noted further that if the presence of radioactive material alone forced an otherwise permitted use to be classified as a hazardous industrial use, then recognized therapy which is regularly offered in hospitals and other medical facilities could take place only in an "HI, Heavy Industrial District." Clearly, such a rigorous interpretation would result in various common nuclear medicine procedures, both diagnostic and of a treating nature, such as bone scans, liver function tests, gall bladder function tests and CAT scans having to be moved from hospitals, doctors' offices and clinics to Heavy Industrial zones, causing obvious inconvenience to patients and to medical personnel and placing a heavy hand on the swift, efficient delivery of technologically current methods of medical care. The City Attorney noted that in the absence of provisions for control and/or limitation of radioactive materials in the Zoning Ordinance, there is no basis for denial of an otherwise appropriately issued permit, merely because radioactive materials are handled on the premises.
We find that the uncontroverted evidence submitted by Syncor in support of its Motion for Summary Judgment meets the burden of proof set forth in La.C.C.P. art. 966 as amended in 1997. As a matter of law, under the consistent jurisprudence of the Louisiana Supreme Court, there is no showing in the record of arbitrary or capricious conduct in the issuance of the Syncor permits. This assignment of error is without merit.

*263 SECOND ASSIGNMENT OF ERROR: The trial court erred in failing to grant Plaintiff's Motion for Summary Judgment.

Palm-Air failed to provide proof of arbitrary or capricious abuse of the permit process by the Zoning Administrator. The fact that subsequent to the issuance of the permits the City Council amended the Zoning Ordinance to exclude radiopharmacies from the General Commercial C-1 classification is irrelevant to the issue of whether, at the time of the permitting decisions that allowed the Syncor facility to be built and operate, a radiopharmacy was a permitted use. This legislative action cannot have ex post facto effect to deprive Syncor of its vested property rights.

DEFENDANT'S ANSWER TO APPEAL SEEKING SANCTIONS FOR FRIVOLOUS APPEAL.
Syncor seeks sanctions for frivolous appeal pursuant to La. C.C.P. art. 2164.
Appeals are favored and courts are reluctant to grant damages for frivolous appeals. See, Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, 1052-53, writ denied 96-1016 (La.10.25.96), 681 So.2d 360. While Palm-Air submitted no evidence in support of its motion or in opposition to defendants' motion and presented no proof of arbitrary or capricious action by the Zoning Administrator or of potential danger to the neighborhood caused by the Syncor operation, it did raise the legal issue of the appropriate standard of review herein. While its position can be considered very tenuous, we do not find that the record offers adequate support for Syncor's request for sanctions.
DECREE
The judgment of the trial court is affirmed.
AFFIRMED.