IzCANNELLA, Judge.
Defendant, St. Charles Parish, appeals from the trial court judgment in favor of Plaintiffs, Brenda and Joseph Church, awarding them $825,000 for being arbitrary and capricious in its denial of Plaintiffs’ change of occupancy permit. For the reasons which follow, we reverse.
On February 22, 1995, Plaintiffs purchased certain property in St. Charles Parish at a sheriffs sale, which was formerly a barroom or lounge generally known as Godfather’s Lounge. The exact date of its close of business is at issue. On March 27, 1995, Plaintiffs filed a permit application for a change of occupancy with the St. Charles Parish Department of Planning and Zoning in order to reopen the property as a lounge. During its operation as Godfather’s Lounge, St. Charles Parish had changed from C-2 to C-3 the zoning for the area where the lounge was located. C-3 zoning did not permit operation of a lounge there. However, this did not affect Godfather’s Lounge which was operating as a |slounge prior to the zoning change. Godfather’s Lounge was “grandfathered in” and allowed to continue to operate as a nonconforming use of the new C-2 zoning. However, the St. Charles Parish zoning ordinances provided that, if the lawful use of the structure through the activities normally conducted were suspended for a period of six months, then the right to the nonconforming use would lapse and application for re-zoning would be required. Thus, in ruling on Plaintiffs’ permit application, the main question was whether the activities normally conducted at Godfather’s Lounge had been suspended for a six month period.
St. Charles Parish, through the Department of Zoning, determined that normal activities conducted at Godfather’s Lounge had been suspended for a six month period. The records from the sales tax collector indicated that no sales taxes had been reported or paid from December, 1993 through June, 1994, that the July 31, 1994 sales tax report filed by Godfather’s Lounge indicated that the business was closed, and no further sales tax reports were filed. The sanitation manager of the Office of Public Health testified that the final health certificate expired on July 30, 1994 and that the owner, when contacted, indicated that he would not re-apply for a health permit. The waterworks records indicated that water consumption had declined on average to less than one tenth of normal use, with 5,800 gallons used in April — May, 1994, 200 gallons in May— June, 1994, 400 gallons in June — July, 1994, 1,000 gallons in July — August, 1994, none in August — September—October, 1994, and 400 gallons until November 29th, 1994, when service was terminated. The Entergy electric records showed that, although service was not terminated until November 29, 1994, usage from May, 141994 through November, 1994 was much lower than during normal operating times. Further, neither the parish attorney nor the zoning administrator, who drive past the premises every day, had seen it open for business in over six months. Based on this information, the St. Charles Parish Department of Zoning denied the change of occupancy permit, concluding that normal activities at Godfather’s Lounge had been suspended for more than six months prior to Plaintiffs application.
Plaintiffs filed a Petition for a Writ of Mandamus, along with a request for damages for the arbitrary and capricious denial of the permit. The damage claim was severed and the case went forward on the mandamus request. Following trial on the merits, the trial court denied the mandamus. The trial court reasoned, as did St. Charles Parish, that the evidence was sufficient to support the conclusion that legal use of the premises through normal activities had been suspended at Godfather’s Lounge for more than six months before *916 the permit application. Plaintiffs appealed.
On appeal, this Court, upon finding legal error by the trial court, conducted a de nova review of the case and reversed the trial court judgment. This Court found “that the parish had failed to prove that the business was suspended for any consecutive six month period as required prior to the application filed by the Plaintiffs.” Church v. St. Charles Parish, 96-CA-1026 (La.App. 5 th Cir. 3/25/97), 692 So.2d 52, Not Designated for Publication, writs denied, 97-1044 (La.5/30/97), 694 So.2d 253. This Court based its decision on testimony by the previous owner’s stepdaughter that she had opened the lounge for business on various occasions for various times until November 21, 1994. | fiThis Court also cited and relied on the testimony of three patrons who gave various dates from May through November, 1994 when they had been in Godfather’s Lounge. Thus, this Court concluded that since St. Charles Parish did not prove a total cessation of all business, for the six month period, it erred in not issuing the permit. This Court remanded the matter to the district court for further proceedings. St. Charlés Parish applied for writs to the Louisiana Supreme Court which were denied, making the decision by this Court final.
Next, Plaintiffs pursued their claim for damages against St. Charles Parish for the arbitrary and capricious refusal to issue the permit to reopen as a lounge which caused their loss of business income.
Following a judge trial on the damage issue, the trial court (with a different judge presiding) found that St. Charles Parish was arbitrary and capricious in its denial of the permit and awarded Plaintiffs $325,000 in damages. It is from this judgment that St. Charles Parish now appeals.
Governmental taking may occur in the form of zoning or rezoning. Standard Materials v. City of Slidell, 96-0684 (La.App. 1st Cir. 9/23/97), 700 So.2d 975. The Federal Due Process Clause as well as our own State Constitution prohibit a governmental entity from applying zoning classifications which effect a taking where the governmental decision is clearly arbitrary and capricious. U.S.C.A. Const. Amend. 14; La. Const. Art 1, § 2; Id. A general principle of zoning law is that because zoning ordinances are in derogation of a citizen’s constitutionally protected right to own and use his property, they must be construed, when subject to more than one reasonable interpretation, according to the interpretation which allows the least restricted use of the property. City of New Orleans v. Elms, 566 So.2d 626 (La.1990). However, the nonconforming use of property should be viewed narrowly and all doubts resolved against continuation or expansion of the nonconformity in order to preserve the property rights of adjacent property owners, as nonconforming use is inconsistent with the legitimate objective of a zoning ordinance to confine certain classes of buildings and uses to certain localities. Lemon v. Speed, 96-858 (La.App. 5th Cir. 4/9/97), 694 So.2d 472. The burden of proving termination of nonconforming use status by abandonment or discontinuance is on the party urging termination. City of New Orleans v. Elms, supra, 634. The burden of proving that the governmental entity which denied the permit acted in an arbitrary and capricious manner is on the property owner. King v. Caddo Parish Com’n, 97-1873 (La.1998), 719 So.2d 410; Palermo Land Co. v. Planning Com’n of Calcasieu Parish, 561 So.2d 482, 493 (La.1990); State ex rel Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (1923); Palm-Air Civic Ass’n., Inc. v. Syncor Intern., Corp, 97-1485 (La.App. 4th Cir. 3/4/98), 709 So.2d 258. If upon consideration of the evidence, the propriety of the government authority’s action remains debatable, then there is no substantive due process violation and the action is not arbitrary and capricious. Palermo Land Co. v. Planning Com’n of Calcasieu Parish, supra; Palm-Air Civic Ass’n, Inc., supra; Standard Materials, supra. Moreover, due process does not require that the gov *917 ernmental entity undertake any particular type of investigation before making land use decisions and failure to do so does not constitute arbitrary and capricious behavior. Standard Materials, supra.
Applying these precepts to the case before us, we find that the trial court was clearly wrong in finding that the Plaintiffs met their burden in proving that |7St. Charles Parish acted in an arbitrary and capricious manner in denying Plaintiffs the permit for which they applied. On the contrary, based on the record before us, we find that the action taken by St. Charles Parish in denying the permit, was reasonable and supported by the facts obtained following its investigation. The support for this finding is, among other things, in the very history of the case.
The trial judge who originally heard the mandamus action denied the mandamus upon finding sufficient evidence that lawful nonconforming use had been discontinued for a period of six months. While it is true that a panel of this Court reversed that trial court decision, there is simply no showing in this record that the action by St. Charles Parish in denying the permit, which was affirmed by the trial court, was arbitrary and capricious. Rather, it appears that the contrary decisions are attributable to a disagreement on the legal question of whether the continued activity was lawful and how much activity was necessary to satisfy the statutory requirement of normal activity.[1]
' The nonconforming use provisions of the St. Charles Parish zoning code allow the continuation of the lawful use of a structure, although such use does not conform with the provisions of a subsequent ordinance, provided that “the activities normally carried on in such structure” are not suspended for a period of six months. Plaintiffs made their zoning application on March 25,1995. Thus, the question before St. Charles Parish was whether the lawful activities normally | ^carried on in the structure had been discontinued for a six month period, or, since mid-September, 1994. In finding that such activity had been discontinued for over six months, St. Charles Parish relied on the lack of any reported or paid sales tax, the expiration of the health certificate, together with reports from the owner in August, 1994 that the business was closed. Additionally, St. Charles Parish determined that water consumption after May, 1994 dropped to an average of less than one tenth of the normal use, until November, 1994 when it was terminated. Electricity use likewise decreased over this time period. Neighbors reported that they had seen no activity at the lounge over the prior six months, which confirmed the observations by the zoning administrator and the parish attorney who noted that they passed Godfather’s Lounge every day and had not seen any business there since about mid-summer or for over six months. Thus, we find that the conclusion by St. Charles Parish that the “lawful use” of the property through “activities normally carried on” had been discontinued at the lounge for over six months was reasonably based on specific facts and was not arbitrary and capricious.
As stated above, no particular type of investigation is required of the governmental entity, only that the decision not be without a reasonable basis. Also, nonconforming use is to be viewed narrowly with all doubts resolved against continuation. Accordingly, we find that the record in this case provides a reasonable basis for St. Charles Parish’s decision even though this *918 Court reversed the affirmance of that decision by the trial court.
One reason for the decision by the trial court, in finding that St. Charles Parish’s actions were arbitrary and capricious, was that the deputy chief in the | flsheriffs office, who lived behind the lounge, did not want the structure to re-open as a lounge. Considering all of the factors in this case, this alleged attempt to exert inappropriate influence over the zoning decision, does not make the zoning decision arbitrary and capricious. A decision is arbitrary and capricious where the action taken is unreasonable and without consideration or in disregard of the facts or law. The full record in this case provides ample facts to support St. Charles Parish’s decision to deny the permit to Plaintiffs.
Therefore, based on the foregoing, we find that the trial court judgment awarding Plaintiffs damages for the arbitrary and capricious denial of their zoning permit is manifestly erroneous. Accordingly, the' trial court judgment is reversed. Each party is to bear its own costs.
REVERSED.

. Although not expressly discussed, by the result reached, it appears that this Court concluded that the continued activity did not have to be lawful (no sales tax reported and no health permit) and that any activity however slight was sufficient to constitute "activity normally carried on.” Although the original decision by this Court is final and not before us on review, we nevertheless find that the propriety of the action by St. Charles Parish in denying the permit, which was affirmed by the trial court and then reversed by this Court was based on factors upon which reasonable minds may differ.