809 So.2d 1253 (2002)
Charles BLAISE, et ux.
v.
Paul Michael SMITH.
No. 01-1512.
Court of Appeal of Louisiana, Third Circuit.
March 6, 2002.
Angelo J. Piazza, Attorney At Law, Marksville, LA, for Plaintiff/Appellant Charles M. Blaise.
Charles A. Riddle, III, Riddle Law Offices, Marksville, LA, for Defendant/Appellee Paul Michael Smith.
Court composed of SYLVIA R. COOKS, MARC T. AMY, and GLENN B. GREMILLION, Judges.
*1254 COOKS, Judge.
In this petitory action the plaintiff, Charles Blaise, appeals the trial court's grant of summary judgment in favor of the defendant, Paul Smith, finding he acquired ownership of a twelve acre tract of land ("the tract") by thirty years acquisitive prescription. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
This action was commenced by Blaise against Smith as a possessory action over a piece of property occupied by Smith. The property in dispute is a twelve acre tract of land. A consent judgment regarding Smith's possession was entered into by the parties on October 10, 2000. Smith was recognized as being in possession of the twelve acres. As a result, Blaise was given forty-five days from the consent judgment to convert the possessory action into a petitory action. The action was amended to a petitory action on February 6, 2001.
Blaise argues he gained record title over the tract when he purchased a seventy acre piece of land through a bank sale. He contends the tract is inclusive of the seventy acres despite his admission the seventy acres were purchased without a warranty deed and with cloud on the title. He admitted that the seventy acres' exact physical boundaries were not clearly delineated in the document evidencing the act of sale he relied upon.
At the trial court, Blaise also maintained he had possession over the tract for three years, though he admitted he was not in possession of the land for several years before commencement of this suit. Blaise proffered no further evidence in support of his claim the disputed tract is part of the seventy acres he purchased. Indeed, he acknowledges that the dispute over the tract erupted because of the defect in the title memoralizing the bank sale of the property to him. The defect, he admitted, causes the boundaries of the property he allegedly acquired by title, to be all but impossible to trace to any degree of certainty.
Smith claimed ownership of the twelve acre tract by thirty years acquisitive prescription. He maintained he had open, peaceable possession of the tract under established physical boundaries, for over thirty years.
While the suit was pending, Smith filed a motion for summary judgment contending there is no genuine issue of material fact because he has ownership over the tract by thirty years acquisitive prescription. Smith proffered as evidence of his thirty year prescriptive claim, an affidavit by Lee Thevenot. Thevenot was a former owner of the twelve acre tract. Blaise filed a counter affidavit admitting Smith possessed the land by adverse possession, but declaring he possessed the tract for three years. Blaise's affidavit, however, did not indicate when his three year possession of the tract commenced.
After considering the affidavits and testimony of the parties, and relying heavily on the affidavit of Thevenot, the trial court entered summary judgment in favor of Smith, and dismissed Blaise's petition with prejudice. This appeal followed.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that governs the trial judge's consideration of whether a summary judgment is appropriate. Palm-Air Civic Ass'n, Inc. v. *1255 Syncor Intern., 97-1485 (La.App. 4 Cir. 3/4/98); 709 So.2d 258. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). The summary judgment procedure is favored and shall be construed to accomplish the just, speedy, and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2).
The initial burden of proof is on the mover to show no genuine issue of material fact exists. La.Code Civ.P. art. 966(C)(2). Once the mover has made a prima facie showing no genuine issue of material fact exists, the motion should be granted. Id. However, if the non-movant bears the burden of proof at trial on the issue before the court, the burden shifts to him or her to present evidence demonstrating material factual issues still remain. La.Code Civ.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41; J. Ray McDermott, Inc. v. Morrison, 96-2337 (La. App. 1 Cir. 11/7/97), 705 So.2d 195, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753.
When a motion for summary judgment is supported, an adverse party may not rest on the mere allegations or denials in his pleading. His response, by affidavits or as otherwise provided by law, must set forth specific facts showing there is still a genuine issue of material fact for trial. La.Code Civ.P. art. 967; Palm-Air Civic Ass'n., Inc., 709 So.2d 258.

LAW AND ANALYSIS
Blaise contends the trial court erred in granting summary judgment in favor of Smith and in dismissing his petitory action with prejudice. We disagree.
Under La.Code Civ.P. art. 3651, a petitory action is one brought by a person who claims ownership of immovable property when he is not in possession of the property himselfagainst another person who is in possession of the property or who claims ownership of the property adversely, in order to obtain a judgment to recognize his ownership. Griffin v. Daigle, 99-1942 (La.App. 1 Cir. 9/22/00); 769 So.2d 720, writ denied, 00-3406 (La.2/02/01); 784 So.2d 648; Lafourche Realty Co., Inc. v. Duard Eymard Co., Inc., 93-1278 (La. App. 1 Cir. 6/24/94), 638 So.2d 1138, writ denied, 94-1991 (La.11/11/94), 644 So.2d 390.
The first issue to be determined in a petitory action is the question of current possession. A defendant's possession, or lack thereof, determines the burden of proof imposed on the plaintiff. La.Code Civ.P. art. 3651; Griffin, 769 So.2d 720 "When the titles of the parties are traced to a common author, he is presumed to be the previous owner." Id. at 725.
If the court finds the defendant is in possession of the property, the plaintiff, in the petitory action seeking a judgment recognizing his ownership of immovable property, in this instance Blaise, must prove he acquired ownership from a previous owner, or that he acquired ownership by acquisitive prescription. Id.; La.Code Civ.P. art. 3651.
If the court finds the defendant is not in possession of the property, the plaintiff seeking a judgment recognizing his ownership of immovable property must prove a better title than the defendant. Griffin, 769 So.2d 720.
In the instant case, the consent judgment of October 10, 2000, recognized *1256 that Smith was in possession of the tract. When Blaise converted his suit to a petitory action, he assumed the burden of proving that he acquired ownership from a previous owner, or by acquisitive prescription. Id.; LaCode Civ.P. art. 3653. Our review finds Blaise did not meet his burden. Though he alleged ownership of the tract by title, he proffered no evidence supportive of his contention the tract was included in the seventy acres he purchased. Indeed, Blaise admits the title to the seventy acres he purchased was encumbered with a cloud on it. Further, Blaise conceded Smith was in possession of the twelve acre tract prior to filing this suit, and he proffered no evidence sufficient to rebut Smith's claim he acquired ownership of the tract by thirty years acquisitive prescription. Smith is properly entitled to summary judgment as a matter of law. The trial court's judgment is accordingly affirmed.
Smith's contention that Blaise exceeded the time delay for converting his possessory action to a petitory one is moot.

DECREE
For the forgoing reasons, the judgment of trial court granting summary judgment in favor of Smith and dismissing Blaise's action with prejudice is hereby affirmed. All costs of this proceeding are assessed against the appellant, Charles Blaise.
AFFIRMED.