_JjAMY, Judge.
Workers’ compensation claimant brought an action against the defendant to recover workers’ compensation benefits. The defendant filed a motion for partial summary judgment to dismiss the claim against him. The trial court found in favor of the defendant. The claimant appeals. For the following reasons, we affirm.
Factual and Procedural Background
The claimant, Dewitt Williams, was injured in a work-related accident on September 20, 1999. At the time of the accident, Mr. Williams was employed by A.Jax Lumber, L.L.C. and was working as a millwright and an operator at a mill in *459 Colfax, Louisiana. Mr. Williams was hired by Michael Risinger, who owned and organized A.Jax Lumber, L.L.C. The organization of Ajax Lumber was completed September 7, 1999, thirteen days before Mr. Williams accident.
Mr. Williams reportedly injured his left knee while exiting a forklift at work. Mr. Risinger testified that he became aware of the accident approximately two days later. Mr. Risinger further testified that he transported Mr. Williams to Rapides Industrial Medicine in Alexandria to be examined by a doctor. Mr. Risinger also transported Mr. Williams to his repeat visits to Rapides Industrial Medicine. Additionally, Mr. Risinger testified that when he brought Mr. Williams to Rapides Industrial Medicine that he gave them “our workman’s comp number.”
On July 10, 2000, Mr. Williams filed a disputed claim for compensation with the Office of Workers’ Compensation. In the disputed claim, Mr. Williams alleges that “[t]he workers’ compensation insurer has refused to pay my weekly benefits for the period of 09/28/99 through 02/06/00.... ” On August 20, 2001, the defendants filed a motion of summary judgment, which was denied by the workers’ compensation judge on October 4, 2001. Subsequently, on November 6, 2001, the | ^defendant filed a motion for partial summary judgment. The workers’ compensation judge granted this motion on December 11, 2001, which dismissed Michael Risinger d/b/a Ajax Lumber from the instant suit with prejudice.
On December 12, 2001, an appeal was entered on behalf of the plaintiff. In the plaintiffs sole assignment of error, he argues that the workers’ compensation judge “committed error as a matter of law when he found that there were no material issues of fact as to whether or not the plaintiff-appellant, Dewitt Williams, was an employee of Michael Risinger d/b/a/ Ajax Lumber or was an employee of A.Jax Lumber L.L.C., a corporation formed on September 7,1999.”
Discussion
Summary judgments are reviewed by appellate courts de novo under the same guidelines that dictate the trial judge’s decision of whether summary judgment is appropriate. Blaise v. Smith, 01-1512 (La.App. 3 Cir. 3/6/02); 809 So.2d 1253. See also Palm-Air Civic Ass’n, Inc. v. Syncor Int’l Corp., 97-1485 (La.App. 4 Cir. 3/4/98); 709 So.2d 258. A motion for summary judgment “shall be -rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B). Accordingly, summary judgment is favored and is construed to achieve a “just, speedy, and inexpensive determination of every action, except those disallowed by Article 969.” La.Code Civ.P. art. 966(A)(2).
As stated above, the workers’ compensation judge granted the appellant’s motion for partial summary judgment which dismissed Michael Risinger d/b/a Ajax | ^Lumber from this action with prejudice. In oral reasons for judgment, the workers’ compensation judge stated:
In support of the motion for summary judgment we — we see a certificate from the Secretary of State that there was lawfully formed A.Jax Lumber, LLC.
The allegation is that Mr. Williams sustained an injury, an accidental injury on or about September 20th of 1999 which is after the date of the formation of the LLC corporation. The argument made by Mr. Williams on behalf of Mr. — Mr. Joe Payne Williams on behalf of Mr. Dewitt Williams as this Court views it is primarily whether or not there should be a piercing of this veil. *460 And that’s outside the jurisdiction of this Court.
The checks issued to Mr. Dewitt Williams subsequent to September 7th, 1999 and probably — probably—and some at least I know of prior to that date state A.Jax Lumber, LLC. That was the issue we had with respect to the insurance company on a previous motion for summary judgment.
I would grant the motion for sum — for partial summary judgment on behalf of Michael Risinger doing business as A-Ajax Lumber, LLC.
[[Image here]]
I don’t have anything else to add. It appears — except to say it appears clear to the Court from the documentation filed in support of the motion for summary judgment that on the date that Mr. Dewitt Williams sustained his accident there was a lawful entity separate from Michael Risinger which was A.Jax Lumber, LLC.
The defendant argues that the company was operated as A.Jax Lumber, L.L.C. at all times. However, the workers’ compensation policy issued by Capital City Insurance Company, who appears to remain a defendant in this action, lists the insured as “Michael Risinger dba Ajax Lumber.” At his deposition, Mr. Risinger testified as follows concerning the named insured on the Capital City policy:
A Well, I started getting my paperwork and all that stuff doing the business end of it. I met — Billy Ingram made an appointment with me, with the same insurance people that he was using and I met this gentleman down there at the mill and I can remember Lexactly how this come about because I told him that we were in the process of getting incorporated and getting our incorporation and all set up, or corporation set up, and that, you know, I couldn’t tell hm[him] exactly, you know, until I had that paperwork in my hand, what that — the name would be, because we had filed and my lawyer made — told me to be sure that even though we had filed for that name, that didn’t mean that, you know, that name would be approved. As it turned out, it — well, that’s when we added the period in there, but anyway, as it turned out, you know, that’s how the business was incorporated. He is the one that said, well, let me just put this down as doing business as Ajax Lumber. I talked to him, well, I’ve talked to him several times because he was in and out checking, you know, there at the mill several times, but I asked him to redo that on that policy and, you know, he said well, we ...
Q Did he ever redo it?
A No, he said — the statement he made was is that we would redo it when we rewrote it, which would be at the end of a year.
Q And then you never rewrote it?
A Never rewrote it.
A.Jax Lumber, L.L.C. is no longer in operation and according to Mr. Risinger’s deposition, appears to have been dissolved.
In turn, the plaintiff argues that there are material issues of fact with regard to “who his actual employer was at the time of his injury.” Specifically, Mr. Williams argues that he was hired by Mr. Risinger individually and then the corporation was subsequently formed, therefore, not having any direct bearing on Mr. Williams employment. Mr. Williams further points out that there was no corporation in existence when workers’ compensation insurance was issued by Capital City Insurance Company. Additionally, Mr. Williams argues that “[tjhere was not evidence presented by the defendant, Michael Risinger, that there was a change in the employment of Dewitt Williams from himself indi *461 vidually to the corporate entity that |Bhe formed between September 7, 1999 and Dewitt Williams’ injury September 20, 1999.”
The record before us on appeal appears fully developed concerning the issue of by whom Mr. Williams was employed on September 20,1999, the date of the alleged accident. The record contains Mr. Williams’ 1999 W 2 wage and tax statement, the workers’ compensation insurance contract with Capital City Insurance Company, Inc., copies of Mr. Williams’ pay check stubs for September of 1999, and depositions and/or excerpts of depositions from Mr. Williams and Mr. Risinger. According to the 1999 W-2 wage and tax statement and Mr. Williams’ pay check stubs, his employer was listed as A.Jax Lumber, L.L.C. The insurance contract is the only document presented to this court that lists Michael Risinger d/b/a Ajax Lumber as the company name. However, with all of this set forth, the fact still remains that on September 20, 1999, the date of Mr. Williams’ alleged work-related accident, the parties do not dispute that the company operating this lumber mill was A.Jax Lumber, L.L.C. and that Mr. Williams’ was being paid by A.Jax Lumber, L.L.C. Therefore, after reviewing the record before us and in light of the above facts, we find that the workers’ compensation judge was not in error and correctly entered judgment dismissing Michael Ri-singer d/b/a Ajax Lumber as a defendant in this action.
DECREE
The judgment of the workers’ compensation judge is affirmed. Ml costs of this appeal are assigned tó Dewitt Williams.
AFFIRMED.