## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-131


## BASS CUSTOM SIGNS, LLC

## VERSUS

## LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL.



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2013-1928 Div. "D"
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.


                                                        **AFFIRMED.**


**Genovese, J., dissents and assigns written reasons.**

Alan K. Breaud
Timothy Wayne Basden
Breaud & Meyers
600 Jeferson St., Suite 1101
Lafayette, LA 70501
(337) 266-2200
COUNSEL FOR PLAINTIFF-APPELLANT:
    Bass Custom Signs, LLC

**Jeremy A. Hebert**
**Stuart R. Breaux**
**Becker & Hebert, LLC**
**910 Harding Street**
**Lafayette, LA 70503**
**(337) 233-1987**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Lafayette City-Parish ConsolidatedGovernment**
    **Lafayette City-Parish Board of Zoning Adjustment**

**PICKETT, Judge.**

Bass Custom Signs, LLC, appeals a judgment of the trial court granting an Exception of No Right of Action and dismissing its claims against Lafayette City-Parish Consolidated Government (Lafayette).

## STATEMENT OF THE CASE

Bass Custom Signs contracted with Lafayette Shooters, Wilderness & Western Wear, Inc., to modify a sign. Because of changes to the zoning ordinance in Lafayette, the sign did not conform to the signage regulations, but was allowed to remain because it existed prior to changes in the zoning law. The contract required Bass Custom Signs to apply for and secure the necessary permits for the modifications, which it did. The Board of Zoning Adjustment did not approve the permit request. Bass Custom Signs appealed the decision to the district court in accordance with La.R.S. 33:4727. Lafayette filed an Exception of No Right of Action. The trial court granted the exception and dismissed the case. Bass Custom Signs now appeals.

## ASSIGNMENT OF ERROR

On appeal, Bass Custom Signs asserts one assignment of error:

> The trial court erred in granting the Exception of No Right of Action filed by Lafayette Parish. Bass has standing to challenge the decision of the Board of Zoning Adjustment as "a person aggrieved" by the zoning ruling [for purposes of La.R.S. 33:4727(E)(1)].

## DISCUSSION

The only issue in this appeal is whether Bass Custom Signs is entitled to bring an action in district court appealing the decision of the Board of Zoning Adjustment. Louisiana Revised Statutes 33:4727(E)(1) states:

Any person or persons jointly or severally aggrieved by any decision by the board of adjustment of any officer, department, board, or bureau of the municipality, may present to the district court of the parish or city in which the property affected is located a petition, duly verified, setting forth that the decision is illegal, in whole or in part, specifying the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

Bass Customs Signs claims that they are "a person aggrieved" because the Board of Zoning Adjustment's refusal to approve the modifications caused them to lose the contract to modify the sign. Lafayette successfully argued below that the proper party to bring the appeal to the district court is the owner of the business or the landowner.

"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter,* 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*; *Badeaux v. Southwest Computer Bureau, Inc.,* 2005-0612, p. 6-7 (La.3/17/06), 929 So.2d 1211, 1217; *Turner v. Busby,* 2003-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415-416; *Reese v. State, Dept. of Public Safety and Corrections,* 2003-1615, p. 3 (La.2/20/04), 866 So.2d 244, 246.

The determination whether a plaintiff has a right to bring an action raises a question of law. A question of law requires *de novo* review. *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.,* 2006-0582, p. 9 (La.11/29/06), 943 So.2d 1037, 1045.

*Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, pp. 6-7 (La. 10/25/11), 79 So.3d 246, 255-56.

Bass Custom Signs argues that we should interpret La.R.S. 33:4727(E)(1) broadly so as to confer standing to it. We must consider what the term "a person aggrieved" means in the context of the zoning laws. We note the following language in a legal treatise on the subject. In ZONING AND PLANNING DESKBOOK,

2

Professor Douglas W. Kmiec, a law professor at Pepperdine University, the former Dean of the The Catholic University in America, and a former Special Assistant to the Secretary of the U.S. Department of Housing and Urban Development, discussed standing to bring a challenge to a zoning ruling in court and state:

> While it is simple enough to state that a "person aggrieved" has standing to challenge zoning in court, the problem arises of determining who is a "person aggrieved." The exact contours of the definition, and thus, the determination of who has standing, have developed largely in state common law. Generally, two elements are required. The plaintiff must show some interest in land affected by the zoning and the plaintiff must allege specific pecuniary damage.

DOUGLAS W. KMIEC AND KATHERINE KMIEC TURNER , 2 ZONING & PLANNING DESKBOOK § 7:8 (2d ed.). We agree with this analysis.

Zoning ordinances are in derogation of the right of landowners to the unrestricted use of their property. *Palm-Air Civic Ass'n v. Syncor Int'l*, 97-1485 (La.App. 4 Cir. 3/4/98), 709 So.2d 258. Clearly, a landowner aggrieved by a decision of the Board of Zoning Adjustment has standing to appeal that judgment. In this case, the landowner has affected has not appealed. Because zoning laws further the purpose of protecting the value of neighboring property, owners of neighboring property and neighborhood associations have been granted standing. *See, e.g., State, ex rel. Maple Area Residents, Inc. v. Bd. of Zoning Adjustments*, (La.App. 4 Cir. 1978), 365 So.2d 891.

The res nova issue before us is whether a contractor prevented from performing a contract because of the decision of the Board of Zoning Adjustment has standing to bring the suit. We find that it does not. We interpret the term "a person aggrieved" to require that the person have a proprietary interest in immovable property subject to the zoning ordinance or variance at issue, or in immovable property affected by the ordinance or variance, in order to challenge a

decision of the Board of Zoning Adjustment in district court. Under the scheme of zoning legislation in place in Lafayette, Bass Custom Signs is not "a person aggrieved" of the decision of the Board of Zoning Adjustment. It may be impacted by the landowner's decision not to modify the sign so that is consistent with the zoning ordinances now in place, but that does not confer standing to challenge the decision of the Board of Zoning Adjustment in the courts.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Bass Custom Signs.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-131

BASS CUSTOM SIGNS, LLC

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED
GOVERNMENT, ET AL.

**GENOVESE, J., dissents and assigns the following reasons:**

The sole issue before this court is one of "standing." The trial court ruled that the Plaintiff, Bass Custom Signs, LLC (Bass), has no standing to bring this action. In addressing the issue of standing on appeal, the majority states, "We interpret the term 'a person aggrieved' to require that the person have a proprietary interest . . . in order to challenge a decision of the Board of Zoning Adjustment in district court." I disagree.

Zoning ordinances are broadly interpreted in favor of the unrestricted use of property. As stated in *Palm-Air Civic Association, Inc. v. Syncor International, Corp.*, 97-1485, p. 7 (La.App. 4 Cir. 3/4/98), 709 So.2d 258, 262:

> The first principal of zoning law is that because zoning ordinances are in derogation of a citizen's constitutionally protected right to own and use his property, they must be construed, when subject to more than one reasonable interpretation, according to the interpretation which allows the least restricted use of the property.

Under the well-settled rules of statutory interpretation applicable to a zoning issue, a construction of the law which favors unrestricted use prevails over a construction which serves to restrict use. This rule of construction was not applied in the instant case. Bass is definitely "a person aggrieved" insofar as it is directly and economically affected by the decision of the Board of Zoning Adjustment

(Board). As a result of the Board's decision, Bass' $120,000.00 contract to perform sign work for Lafayette Shooters is nullified. Nowhere in the zoning statute, La.R.S. 33:4727(E)(1), does it state or require that an aggrieved person must have a "proprietary interest" in order to challenge a zoning decision.

The majority opinion rewrites the zoning statute to require an aggrieved person to have a proprietary interest in order to challenge a zoning decision. It is not the function of this court to make or change the law. That is for the legislature.

The majority's interpretation that "a person aggrieved" must have a proprietary interest is a narrow and restricted one as opposed to a broad one favoring the least restricted use of the property. For the reasons set forth above, I dissent from the majority opinion in this case. I would reverse the trial court's grant of the Exception of No Right of Action dismissing the case and find that Bass does have a right to challenge the zoning decision of the Board.

2