GENOVESE, J.,
dissents and assigns the following reasons.
|, The sole issue before this court is one of “standing.” The trial court ruled that the Plaintiff, Bass Custom Signs, LLC (Bass), has no standing to bring this action. In addressing the issue of standing on appeal, the majority states, “We interpret the term ‘a person aggrieved’ to require that the person have a proprietary interest ... in order to challenge a decision of the Board of Zoning Adjustment in district court.” I disagree.
Zoning ordinances are broadly interpreted in favor of the unrestricted use of property. As stated in Palm-Air Civic Association, Inc. v. Syncor International, Corp., 97-1485, p. 7 (La.App. 4 Cir. 3/4/98), 709 So.2d 258, 262:
The first principal of zoning law is that because zoning ordinances are in derogation of a citizen’s constitutionally protected right to own and use his property, they must be construed, when subject to more than one reasonable interpretation, according to the interpretation which allows the least restricted use of the property.
Under the well-settled rules of statutory interpretation applicable to a zoning issue, a construction of the law which favors unrestricted use prevails over a construction which serves to restrict use. This rule of construction was not applied in the instant case. Bass is definitely “a person aggrieved” insofar as it is directly and economically affected by the decision of the Board of Zoning Adjustment 12(Board). As a result of the Board’s decision, Bass’ $120,000.00 contract to perform sign work for Lafayette Shooters is nullified. Nowhere in the zoning statute, La.R.S. 33:4727(E)(1), does it state or require that an aggrieved person must have a “proprietary interest” in order to challenge a zoning decision.
The majority opinion rewrites the zoning statute to require an aggrieved person to *969 have a proprietary interest in order to challenge a zoning decision. It is not the function of this court to make or change the law. That is for the legislature.
The majority’s interpretation that “a person aggrieved” must have a proprietary interest is a narrow and restricted one as opposed to a broad one favoring the least restricted use of the property. For the reasons set forth above, I dissent from the majority opinion in this case. I would reverse the trial court’s grant of the Exception of No Right of Action dismissing the case and find that Bass does have a right to challenge the zoning decision of the Board.