387 So.2d 1160 (1980)
Thomas BAEHR et al.
v.
CITY OF LAKE CHARLES.
No. 67284.
Supreme Court of Louisiana.
September 3, 1980.
Glen A. James, Sulphur, for plaintiffs-appellees.
Michael K. Dees, McHale, Bufkin & Dees, Lake Charles, for defendant-appellant.
BLANCHE, Justice.
This case is a companion to Kirk v. Town of Westlake, et al, 387 So.2d 1157 (La. 1980). The cases were consolidated for argument as both involve the issue of the correctness of the ruling below which held unconstitutional portions of the zoning ordinances of each city.
In the instant case, plaintiffs own a tract of land which is within the City of Lake Charles and which is zoned R-1, Single Family Residential. Plaintiffs applied to the Lake Charles Planning and Zoning Commission to have the property rezoned T-1 so that they could build a mobile home park. Following a public hearing, the commission denied plaintiffs' request for rezoning. Later, at a meeting and public hearing, the City Council also rejected plaintiffs' proposal to rezone and followed the recommendation of the Planning and Zoning Commission in denying a change in the zoning of the property.
This suit followed in which plaintiffs claimed that the ordinance requiring them *1161 to obtain a trailer park permit before establishing a trailer park was unconstitutional since no objective standards for granting or denying the permit were set forth in the ordinance. Second, they claimed that the refusal of the city to rezone the property was (among other things) arbitrary, capricious, and an abuse of discretion.
Addressing the first issue, the district court granted summary judgment in favor of plaintiffs and ordered the issuance of a building permit. Basing its ruling upon our decision in Summerell v. Phillips, 282 So.2d 450 (La.1973), the court below found the situation in that case to be the same as the one herein and held that two sections of the ordinance involved were constitutionally invalid.[1] The district court did not reach the second issue. This appeal followed pursuant to the authority of La.Const. art. V, § 5(D) (1974).
The Summerell and Kirk cases involved suits contesting the denial of building permits for mobile home parks. The instant case concerns the denial of a request for rezoning. Plaintiffs herein never applied for a permit of any type and, therefore, were never denied a permit. As a general rule, the constitutionality of a statute or ordinance is only open to attack by a person whose rights are affected thereby, and a showing must be made that enforcement of the statute or ordinance will be an infringement of his rights. McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956); Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964). Since no permit was requested and denied, plaintiffs are in no position to claim prejudice resulting from the permit scheme. In ruling that the permit procedure found in the ordinance was unconstitutional, the district court was deciding an issue not properly before it in a case involving a refusal to rezone.[2]
Plaintiffs' contention that the denial of the zone change was unconstitutionally refused was not addressed by the district court when it granted plaintiffs a summary judgment and ordered the issuance of a building permit. Since we have no record upon which to make our own determination of this issue, we prefer to remand the case *1162 for full consideration of this question by the lower court.
The judgment of the district court granting summary judgment in favor of plaintiffs is, therefore, reversed and the case is remanded for disposition of the issue not previously considered.
REVERSED AND REMANDED.
NOTES
[1] "Sec. 3. Permit

"Prior to the issuance of a building permit by the Building Inspector, the City Council shall approve a trailer park permit. Application for a permit shall be made in writing to the Director of Planning, signed, and shall contain the name and address of the applicant, location, and address of the trailer park, legal description of the property to be used for the trailer park, and accompanied by a site plan and by the deposit of a fee of Seventy-Five Dollars ($75.00) provided, however, the Director of Planning shall reserve the right to refuse to examine any incomplete, unintelligible or indefinite drawings or plans, and such proposed trailer park plans shall conform to the minimum standards as set out in Section 5, of this Article. All petitions for a trailer park permit shall be submitted in accordance with Article XV of this Ordinance, with respect to Public Hearings of Planning Commission and City Council. Permits for mobile home subdivisions shall be obtained in the same manner as for trailer parks. In addition, mobile home subdivisions must conform to both the minimum standards of Section 6 of this Article, and all the requirements as set forth in the Subdivision Regulations of Article XI of this Ordinance."
"Sec. 4. Building Permit Required
"No person shall erect or construct, or proceed with the erection or construction, add to, enlarge, improve, alter, repair, convert, extend or demolish any trailer park or mobile home subdivision, trailer coach stand or mobile home stand, building structure, fence or any part thereof, or install any plumbing, electrical or mechanical equipment as a part of the site, building or structure, or make any other improvements to any mobile home lot or trailer coach lot or cause the same to be done within a mobile home subdivision or trailer park as defined herein without obtaining a building permit from the Building Inspector, provided further that said building permit shall be granted only after a permit for a trailer park or mobile home subdivision, as set out in Section 3 of this Article has been granted by the City Council and that such conforms to the permit approved and /or granted by the City Council and on file in the Planning Department."
[2] Were this issue properly before this Court at this time, we would be constrained to follow the holding and rationale of the companion case, Kirk v. Town of Westlake, supra, since the ordinances involved and facts presented are almost identical.