387 So.2d 1157 (1980)
Jerry D. KIRK
v.
TOWN OF WESTLAKE et al.
No. 67283.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
*1158 Jerry D. Kirk, in pro. per.
John L. Van Norman, III, Rester, Van Norman & Wright, Lake Charles, for defendants-appellants.
BLANCHE, Justice.
This case was consolidated for argument with Baehr, et al. v. City of Lake Charles, 387 So.2d 1160 (La.1980) as the two involve the same issue: whether the court below was correct in its determination that portions of the zoning ordinances of the respective cities are unconstitutional by application of the rule enunciated by this court in Summerell v. Phillips, 282 So.2d 450 (La. 1973). The zoning ordinances are so alike as to be virtually the same, and the portions declared unconstitutional follow almost word for word. This case is before us on appeal pursuant to La.Const. art. V, § 5(D) (1974).
In the instant case, plaintiff owns a tract of land in the Town of Westlake. Plaintiff sought to obtain a building permit in order to construct a mobile home park on the property. This permit was denied by the town's building inspector on the grounds that the application failed to comply with the town's zoning ordinance because plaintiff had not obtained the "approval and issuance of a mobile home park permit" in advance. Plaintiff was unable to obtain this mobile home park permit for the reason that the property was not zoned for a mobile home park but was, in fact, zoned R-1 for Single Family Residence and R-M for Multi-Family Residence. An earlier attempt by plaintiff to have the property rezoned to the classification T-1, for Mobile Home Park, Type A, culminated in a denial by the Town of Westlake. In a court challenge to that denial, the Third Circuit Court of Appeal found the town's present classification of the property to be reasonable and found that the town acted within its power in denying the rezoning. We denied writs in that case.[1]
After considering the issue, the district court ruled that the ordinance was unconstitutional for the reason that "[t]he council could refuse a `T' district upon the application of one individual and yet grant it for another similarly situated, [and] [t]he zoning ordinance does not set forth sufficient guidelines and criteria to insure that all those similarly situated will be treated *1159 alike", relying on our decision in Summerell, supra.[2]
In Summerell we were faced with a situation which was quite different from the one herein. In that case, the ordinance at issue contained a specific provision that a trailer park would be permitted, with the approval of the zoning authority, in certain specified districts, i. e. in districts which had already been classified and zoned otherwise in the zoning ordinance but which were specifically listed as susceptible of having areas designated within them which the zoning authority could reclassify so as to permit construction of mobile home parks. However, that ordinance provided no criteria as a guide for the zoning authority to follow in order to determine whether individual permits would be granted or denied, and plaintiff in that case was denied a permit in a manner deemed arbitrary. Crucial to the holding in the issue was the finding that the ordinance left it entirely within the discretion of the zoning authority to grant or deny the permit, and this facet of the ordinance led us to rule that it was unconstitutional.
In the present case, the ordinance involved makes no provision for the establishment of trailer parks in districts already bearing some other designation. Trailer parks are restricted to those areas zoned only for that purpose, and areas zoned R-1 and R-M (such as the property here in question) are restricted to specified uses, among which is not included use as a mobile home park. Thus the question with which we are faced is substantially different to the question which we faced in Summerell. There, full discretion was given to the zoning authority to vary the classification in the district in question, but no criteria were provided for the exercise of that power; here, no such power is given in the first place. Once an area has been zoned for a specified purpose, it is restricted in use to whatever use is set out in that classification. The use may only be changed if the area is rezoned. A rezoning denial has already been judicially determined to have been properly refused plaintiff, and there may be no use of this property for the purpose of construction of a trailer park.
The court below was in error in applying the jurisprudential rule which we enunciated in Summerell in a situation which is quite different and to which the rule is inapplicable.
Plaintiff raises a second issue that the ordinances prohibiting the use of his land as *1160 a mobile home park were improperly promulgated and, therefore, null. This issue was not addressed by the district court in its written opinion; we make no ruling on this, preferring to remand the case for full consideration of this question by the lower court.
The decision of the district court on the issue of the constitutionality of the ordinance is, therefore, reversed and the case is remanded for disposition on those issues not previously considered.
REVERSED AND REMANDED.
NOTES
[1] Kirk v. Town of Westlake, 373 So.2d 601 (La.App. 3d Cir. 1979), writ den. 376 So.2d 1268 (La.1979).
[2] The sections of the ordinance affected by the ruling of the court below stated:

Section 12-3003 Permit.
Prior to the issuance of a building permit by the building inspector, the town board shall approve a mobile home park permit, "A" or "B" type. Application for a permit shall be made in writing to the town engineer, signed, and shall contain the name and address of the applicant; location and address of the mobile home park; legal description of the property to be used for the mobile home park; and accompanied by a site plan and by the deposit of a fee of $75; provided however, the town engineer shall reserve the right to refuse to examine any incomplete, unintelligible or indefinite drawings or plans, and such proposed mobile home parks, type "A" or "B" plans shall conform to the minimum standards as set out in sections 12-3005 and 12-3006 respectfully of this chapter. All petitions for a mobile home park permit shall be submitted in accordance with section 12-2011 of this part, with respect to public hearings of planning commission and town board.
Section 12-3004 Building permit required.
No person shall erect, or construct or proceed with the erection or construction, add to, enlarge, improve, alter, repair, convert, extend or demolish any mobile home park, type "A" or "B," mobile home coach stand, building structure, fence or any part thereof, or install any plumbing, electrical or mechanical equipment as a part of the site, building or structure, or make any other improvements to any mobile home coach lot as defined herein without obtaining a building permit from the building inspector: provided, further, that in the case of lots situated in a mobile home park type "A" or "B," the building permit shall be granted only after a permit for a type "A" or "B" mobile home park, as set out in section 12-3003 of this chapter has been granted by the town board and that such conforms to the permit approved and/or granted by the town board and on file in the planning department. (Ord. No. 186 as amended by Ord. No. 204 and Ord. No. 231, 8/13/77, Sec. 1(D)).