487 So.2d 133 (1986)
LAKE FOREST, INC.
v.
The BOARD OF ZONING ADJUSTMENTS OF the CITY OF NEW ORLEANS and the City of New Orleans, Ernest N. Morial, Mayor.
No. CA 4325.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearing Denied May 15, 1986.
*134 Daniel Lund, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for plaintiff-appellee.
Brod Bagert, Augustine, Bagert, McConduit & Hilferty, Wayne A. Collier, New Orleans, for intervenors-appellants.
Before GULOTTA, SCHOTT and GARRISON, JJ.
SCHOTT, Judge.
This is an appeal by plaintiff, Lake Forest, Inc., from a judgment of the district court, affirming the action of the Board of Zoning Adjustments of the City of New Orleans granting a building permit to intervenor to erect a bowling center in New Orleans East. Plaintiff contends on appeal that the granting of this permit was arbitrary and capricious, and was manifestly erroneous in light of the probative evidence adduced.
In August, 1984 Sam Fazzio, President of Fazzio Real Estate Co., Inc., applied to the Department of Safety & Permits for a building permit for the construction of a bowling center on a piece of property on the corner of Bullard Avenue and Lake Forest Boulevard in New Orleans East. This property was zoned B-2, Neighborhood Business District, by the New Orleans City Council. Evelyn Pugh, Director of the Department of Safety & Permits, informed Fazzio that the Department would not certify a bowling center as a permitted use within a B-2 zoning district.
Fazzio appealed to the Board of Zoning Adjustments which determined that a bowling center was permitted within a B-2 zoning district and allowed Fazzio to build his bowling alley on the site. Plaintiff in this action, Lake Forest, Inc., filed a petition for judicial review of the Board's action charging that the decision of the board was in error. Sam Fazzio filed a petition for intervention asserting his interests. The trial court rendered judgment, without assigning reasons, affirming the decision of the board, and plaintiff has taken this appeal.
Before proceeding with any new construction or development within the City of New Orleans, one must secure a permit from the Director of the Department of Safety & Permits. New Orleans *135 City Code, section 32-3. In considering an application the Department must determine if the proposed use of the land conforms to the requirements of the city zoning ordinance. Once an area has been zoned for a specified purpose, it is restricted in use to whatever use is set out in that classification, and the use may only be changed if the area is rezoned. Kirk v. Town of Westlake, 387 So.2d 1157 (La.1980).
Any person aggrieved by a decision of the Director of Safety & Permits may take an appeal to the Board of Zoning Adjustments. Comprehensive Zoning Ordinance, Art. 13, Sect. 4. This Board may reverse, affirm or modify the decision appealed from, an it shall have all the powers of the Director of Safety & Permits. Zoning Ordinance, Art. 13, Sect. 12. Further, any person aggrieved by the Board's decisions may apply for judicial review and relief from that order. Zoning Ordinance, Art. 13, Sect. 16; LSAR.S. 33:4727(E).
The standard of review in an appeal from a decision of the Board of Zoning Adjustments is whether the board's decision was arbitrary, unreasonable, or capricious or whether it abused its discretion. Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977). The trial court must accord a presumption of validity to a decision of the board; but this presumption is rebuttable by the party challenging the decision. Gertler, supra. Further, a reviewing court cannot substitute its own judgment for the decision of the board; it cannot interfere absent a showing by the appellant that the Board was arbitrary and capricious or abused its discretion. Cross v. City of New Orleans, 446 So.2d 1253 (La.App. 4th Cir.1984). The board's conclusions must be sustained on appeal unless the weight of the evidence so strongly preponderates against them that they constitute an abuse of the board's discretion. Gertler, supra.
The record discloses the following:
1. The property situated on the corner of the Bullard Avenue and Lake Forest Blvd. was zoned as a Neighborhood Business District (B-2) by the Zoning Commission.
2. The purpose of the Neighborhood Business District as stated in the Zoning Ordinance for the City of New Orleans, is to "provide primarily for retail shopping and personal service uses ... to serve primarily nearby medium-density residential areas.
3. Bowling alleys are not specifically listed by name in the Zoning Ordinance as permitted uses of property.
4. "Health or athletic club or studio" is a permitted use in a B-2 zoning district and "amusement centers" are permitted in commercial zoning districts.
5. The Director of the Department of Safety & Permits determined that a bowling center could not be certified as a permitted use in the B-2 zoning district.
6. According to Paul May, Zoning Administrator for the Department of Safety & Permits, who testified at the public hearing, bowling alleys have been classified by the Department as places of amusement at least since 1970, and that as such should be situated in a commercial district.
7. The Board of Zoning Adjustments reasoned that bowling is more in the nature of a sport similar to racquetball and that racquetball courts are permitted in B-2 districts. Further, the Board held that the property in question could handle large numbers of people and heavy traffic because of its particular location, and was as such suitable for a bowling center. The board allowed Fazzio to obtain a permit to place a forty-lane bowling center on the site.
This holding is inconsistent with the ordinance's declared purpose of the B-2 district i.e., to serve the nearby residential area. By its very nature, a bowling center is a high-volume recreational facility which usually incorporates a restaurant, bar and a game room and serves a much larger *136 area than the nearby residential community. A clear distinction exists between a bowling center's impact on a residential district and a racquetball club's. The racquetball club easily fits within the "athletic or health club" description found under B-2 zoning district. On the other hand, a bowling alley is clearly inappropriate to this classification. A bowling center is more properly classified as an amusement center, and should be situated in a commercial district which authorizes such a use. In holding that this was a permitted use in a B-2 district, the Board clearly abused its discretion, as this district may only be used for authorized purposes. Kirk v. Town of Westlake, supra.
Accordingly the judgment of the trial court is reversed and set aside, the order of the Board of Zoning Adjustments of the City of New Orleans is reversed, and the order of the Director of the Department of Safety & Permits denying the application of Sam Fazzio for a building permit is reinstated. All costs are assessed against Sam Fazzio.
REVERSED AND RENDERED.