ROLAND L. BELSOME, Judge.
JjThis appeal is taken from the district court’s reversal of the City of New Orleans’ Board of Zoning Adjustments (BZA) decision to deny a variance. For the reasons-that follow, we reverse the district court’s ruling and reinstate the BZA’s decision.

Procedural History

The plaintiffs, Jose and Elsa Antunez, are the owners of property located at 603 Desire Street, New Orleans, Louisiana. They began construction of a camelback addition on their home prior'to obtaining a building permit. Subsequently, a stop work order was placed on the property until plaintiffs complied with the City of New Orleans’ Comprehensive Zoning Ordinances (CZO).
To comply with the CZO requirements, a building permit was obtained and the plans were submitted to the Historic District Landmarks Commission (HDLC) for review. The HDLC informed the plaintiffs that a zoning variance would be needed for the rear yard setback. Although the €ZO-requires a setback of twenty feet (20’), the plaintiffs’ home site was grandfathered in for a seventeen feet, four |2inch (17’4") setback. However, the completion of the camelback addition would leave only a setback of three feet (3’). The plaintiffs then applied to the BZA for a zoning variance.
The BZA denied the plaintiffs’ application for the zoning variance because the plaintiffs failed to establish that the property met the necessary criteria to warrant a variance. The plaintiffs appealed that decision.to the Civil District Court for the Parish of Orleans. The district judge conducted a hearing and the matter was taken under advisement. A judgment was later issued reversing the BZA’s decision. The judgment stated that the BZA’s denial was arbitrary, capricious, and an abuse of discretion. This appeal followed.
On appeal, the BZA argues that the district court erred in reversing the BZA’s denial of the plaintiffs’ variance request based on a finding that it was arbitrary, capricious, and an abuse of discretion.

Standard of Review

It is well established that “the decisions of the BZA, while subject to judicial review under La. R.S.33:4727(e), are subject to a presumption of validity and are subject to judicial review only as to whether they are arbitrary, capricious or ah abuse of discretion.”[1] BZA decisions are subject to a presumption of validity and the appellate court should not second guess the BZA or substitute its own judgment for that of the BZA.[2]

_J^Discussion

In determining whether to grant or deny a variance, • the BZA analyzes nine criteria set forth in CZO, Art. 14 § 14.6.4.[3] *527 To grant the variance, all nine of the criteria must be met. Prior to the BZA hearing on the variance, the BZA staff composes a report that discusses each of the nine criteria and provides a recommendation. In this case, the report recommended that the variance be denied.
This Court recognizes that the staff report is “preliminary in nature and essentially does little more than to summarize the issue for the Board. It is only Lone consideration the Board uses in making its decision.”[4] However, the record before this Court does not contain anything that would suggest that the plaintiffs, representing themselves, offered anything additional at the hearing for the BZA tó consider.[5] Ultimately, the BZA voted to deny the variance.
Subsequently, the plaintiffs obtained counsel for the filing of an appeal in the district court. On appeal, the plaintiffs used the BZA’s staff report to establish that the denial of the variance was arbitrary, capricious, and an abuse of the BZA’s discretion. Essentially, the plaintiffs maintained that because the BZA acknowledges that three other variances resulting in three feet (3’) setbacks were granted, then a denial in this case is per se arbitrary, capricious and an abuse of discretion.[6] Additionally, they argue that because the adjacent property that would be most significantly impacted is blighted it should not be provided the same level of protection from encumbrances.
In the staff report, two of the three variances granted are distinguished from the plaintiffs’ property. The first of those variances involved an unusually shallow lot and allowed for a new residence on approximately the same footprint as the previous residence. ' The next variance-was granted to the owner of an L-shaped lot that was split between two (2) zoning districts. That variance allowed for the replication of a historic structure that occupied the property in the 1840s on that Usame footprint. According to the staff report, the third variance was similar in nature to *528 the current request, and the staff recommendation also recommended denying the request.[7] At the hearing for that variance the Board chose to grant the request. This Court is not privy to any other information on that variance. However, given the distinguishing factors of the other two granted variances, we cannot find that the limited information we have on the one previous variance constitutes a significant enough precedent to support the district court’s judgment.
As for the blighted property, it is unclear from the record if the condition of the adjacent property was raised prior to the appeal. The staff report indicates that the twenty-eight foot (28’) structure would be highly visible and could substantially reduce the supply of light to the rear yard of 3413 Chartres Street.[8] The record does indicate that the plaintiffs did attempt to introduce pictures and other evidence regarding the blighted condition of 3413 Chartres Street on appeal and the BZA objected to the introduction of new evidence. However, the BZA did not dispute that the property was blighted, but simply maintains that it is not a factor in the analysis of the variance for the plaintiffs. More specifically, the BZA emphasizes that the plaintiffs fail to cite to any authority, legal or otherwise, to support their assertion that blighted property is viewed differently than other properties for the purpose of a variance. The BZA also stresses that encroaching on blighted property may negatively impact the later development of such property.
IfiBased on the record, the plaintiffs failed to meet the necessary nine criteria to warrant the granting of the variance, and there is nothing to support a finding that the BZA acted arbitrarily, capriciously and abused its discretion. Therefore, the district court erred in reversing the BZA’s decision to deny the requested variance. Accordingly, we reverse the district court’s decision and reinstate the BZA’s decision.
REVERSED
TOBIAS, J., concurs.
BONIN, J., dissents with reasons.

. Ellsworth v. The City of New Orleans, 13-0084, pp. 6-7 (La.App. 4 Cir.7/31/13), 120 So.3d 897, 902 (quoting French Quarter Citizens for Preservation of Residential Quality, Inc. v. New Orleans City Planning Comm'n, 99-2154, p. 3 (La.App. 4 Cir.4/12/00), 763 So.2d 17, 18-19).

. Millaud v. City of New Orleans, 13-1152, p. 6 (La.App. 4 Cir.4/30/14), 137 So.3d 1289, 1292-93.

. 1. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district.
2. Literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.
3. The special conditions and circumstances do not result from the actions of the applicant or any other person who may have or had interest in the property.
*527 4. Granting the variance requested will not cortfer on the applicant-any special privilege which is denied by this Ordinance to .other lands, structures, or buildings in the same district or similarly situated.
5. The variance, if granted; will not alter the essential character of the locality.
6. Strict adherence to the regulation for the properly would result in a demonstrable hardship upon the "owner, as distinguished from mere inconvenience.
7. The purpose of the variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party(s).
8. The granting of the variance will not be detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located.
9. The proposed variance will not impair an 'adequate supply of light and air to adjacent property, or increase substantially the congestion in the public street, or increase the danger of fire, or endanger the public safety. CZO, Art. 14 § 14.6.4(l)-(9).

. McPherson v. City of New Orleans Board of Zoning Adjustments, 04-1129 (La.App. 4 Cir.5/11/05), 902 So.2d 573 (unpub.).

. The plaintiffs’ variance application has a letter to the .board' members describing the request and> stating: “[m]y family has grown and I have no need for a back yard, so I decided to add to our existing living space instead.” There was also an email from a neighboring property owner .opposing the variance. All other materials relate to the land site and proposed plans.

. Although the plaintiffs suggest that the existence of the other variances satisfy all but one of the nine (9) criteria, the existence of nearby properties with similar variances really impacts the analysis of nurribers two, four, and five of the nine criteria of CZO, Art. 14 § 14.6.4.

. The property address is 707 Clouet Street.

. The staff report referenced the impacts on 3413 Chartres Street in its analysis of criteria eight (8) and nine (9).