| JOHN BOYER SAER AND | * | NO. 2022-CA-0176 |
| KATHLEEN WALSH SAER | | |
| | * | COURT OF APPEAL |
| VERSUS | | |
| | * | FOURTH CIRCUIT |
| THE CITY OF NEW | | |
| ORLEANS; TAMMIE | * | STATE OF LOUISIANA |
| JACKSON, IN HER OFFICIAL | | |
| CAPACITY AS DIRECTOR OF | * | |
| THE DEPARTMENT OF | | |
| SAFETY AND PERMITS AND | * | |
| THE NEW ORLEANS BOARD | * * * * * * * | |
| OF ZONING ADJUSTMENTS | | |

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| --- | --- |
| KAREN EDMUNDS | NO. 2022-CA-0177 |

VERSUS

THE CITY OF NEW ORLEANS;
TAMMIE JACKSON, IN HER
OFFICIAL CAPACITY AS
DIRECTOR OF SAFETY AND
PERMITS AND THE NEW
ORLEANS BOARD OF ZONING
ADJUSTMENTS

| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| --- | --- |
| AUDUBON AREA ZONING ASSOCIATION | NO. 2022-CA-0178 |

VERSUS

THE CITY OF NEW ORLEANS;
TAMMIE JACKSON, IN HER
OFFICIAL CAPACITY AS
DIRECTOR OF SAFETY AND
PERMITS AND THE NEW
ORLEANS BOARD OF ZONING
ADJUSTMENTS

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. Upon review of the record and the applicable provisions of the Comprehensive Zoning Ordinance ("CZO") and the Board of Zoning Adjustments ("BZA") rules, I find the BZA acted arbitrarily and abused its

discretion in affirming the second zoning status determination by the Director of the Department of Safety and Permits ("the Director") after the 45-day appeal deadline of the first determination passed. Accordingly, I would reverse the trial court's judgment affirming the BZA decision.

Appellants assert that the homeowners, the Koveleskies, failed to appeal the first zoning status determination by the Director issued on January 2, 2020, within the 45-day appeal period, set forth in CZO Art. 4, Section 4.8C. Appellants argue that the Director's determination becomes final after the appeal period has lapsed and that the CZO does not provide for a re-evaluation of the zoning status determination based on a request by the homeowners or their attorney, as occurred in this case.[1] Based upon the language in the CZO, the BZA rules, and jurisprudence applying these provisions, I agree.

I find it helpful to review the full text of the applicable CZO provisions, which are as follows (emphasis added):

> [Section] 4.8A
> Appeals to the Board of Zoning Adjustments may be filed by an aggrieved party or by any officer, department, commission, board, bureau, or any other agency of the City affected by any decision of **the Director** of the Department of Safety and Permits concerning those decisions described in Paragraph B below. Appeals shall be based in, and provide evidence of, an error in application of the law or a conflict in the law.
>
> 4.8B
> Appeals may be filed concerning any decision of **the Director** of the Department of Safety and Permits on the following applications of this Ordinance:
>
> 1. The decision of **the Director** of the Department of Safety and Permits on zoning verifications.
> 2. The decision of **the Director** of the Department of Safety and Permits on Zoning Ordinance interpretations.
> 3. The decision of the Director of the Department of Safety and Permits on permits issued under the Comprehensive Zoning Ordinance.

---

[1] The record reflects that the homeowners' attorney sent a letter to the Director on September 4, 2020 requesting the City re-evaluate the legal non-conforming use of the property. The letter does not mention the January 2, 2020 determination, made by the previous Director, that the property had not attained legal non-conforming use.

4.8C
No appeal of the above decisions is allowed after the expiration of the forty-five (45) days from the date the decision is rendered by **the Director** of the Department of Safety and Permits.

In addition, BZA Administrative Rules, Policies, & Procedures, Section II B, provides in pertinent part:

Every appeal of the decision of **the Director** of the Department of Safety and Permits shall be taken within forty-five (45) days from the date of refusal of a permit or date of order, ruling, decision, or determination by the Director of the Department of Safety and Permits.

I find that the language of these provisions clearly state that the relevant zoning determination is made by **the Director** and then appealed to the BZA. But, the majority appears to find that there are separate determinations by (1) the Director and (2) the Department of Safety and Permits, and that the latter is then appealed to the BZA. The majority states, "the 45-day timeframe is inapplicable if a party seeks a re-evaluation of a decision by the Director of the Department rather than challenging a decision by the Department to the Board." I find no language or provision in the CZO to support the majority's statement. In fact, the jurisprudence cited by the majority also clearly states that the appeal is taken from the decision of the Director of the Department of Safety and Permits. *See Palm Air Civic Ass'n, Inc. v. Syncor Int'l Corp.*, 95-0934, p. 3 (La. App. 4 Cir. 1/19/96), 667 So.2d 1185, 1187; *Lake Forest, Inc. v. Bd. of Zoning Adjustments of City of New Orleans*, 487 So.2d 133, 134 (La. App. 4th Cir. 1986). The CZO does not provide for a distinct decision or reconsideration by the Department itself, separate from the Director.[2]

---

[2] Upon review of the CZO, the only reference to a reconsideration of a denied application is in CZO Section 3.2E, which provides:

1. An application for a zoning text or map amendment, conditional use, planned development, or variance that has been denied will not be reviewed or heard within two (2) years of the date of denial unless substantial new evidence is available or a significant mistake of law or of fact affected the prior denial.

3

In addition, I find the cases cited by the homeowners, in support of their argument that this Court has recognized the Director's authority to reconsider its decision, to be distinguishable and inapposite. The cited cases do not involve or discuss a reconsideration and new determination by the Director *after* the 45-day appeal deadline.[3]

Upon review of the record and the applicable provisions of the CZO and BZA rules, I find that the Director was without authority to re-evaluate the zoning status, at the request of the homeowners' attorney, and issue a new determination after the 45-day appeal deadline passed. Further, I find the BZA acted arbitrarily in disregarding the 45-day appeal deadline for the first zoning status determination by the Director. Finally, for the reasons stated, I find the trial court erred in affirming the BZA's decision.[4]

---

The official charged with receiving application in Table 3-1 shall decide whether the subsequent application is appropriate for resubmittal before expiration of the two (2) year wait requirement.

2. An application resubmitted earlier than two (2) years from the date of denial shall include a detailed statement of the grounds justifying its consideration.
3. Unless substantial new evidence is available or a significant mistake of law or fact affected the prior denial, the official shall return the application to the applicant and it shall not be docketed.
4. The limitations of this section do not apply when the City initiates the application.

From the language of this provision, it does not appear to apply to the zoning status determination by the Director at issue in this case. In addition, the City does not cite or rely on this provision in support of its argument that the Director may re-evaluate its determinations after the 45-day appeal deadline passes.

[3] In *Vieux Carre Prop. Owners v. City of New Orleans*, 14-0825 (La. App. 4 Cir. 4/15/15), 216 So.3d 873, the Director approved the issuance of a Mayoralty Permit for live entertainment to Antoine's. This Court noted, "[t]he Director's approval specifically noted that the nonconforming status could be reconsidered pursuant to contrary evidence being submitted to the City." No such evidence was submitted; instead, the plaintiffs timely appealed the Director's decision to the BZA.

In *7004 St. Charles Ave. Corp. v. City of New Orleans*, 97-0299, pp. 1-3 (La. App. 4 Cir. 12/10/97), 704 So.2d 909, 910-11, the Director issued a permit for renovations, but revoked the permit within one month of issuing the permit, and the owners timely appealed the revocation to the BZA. This Court found that the Director had the authority to issue and revoke the permit within that short period of time, which was within the 45 day appeal deadline.

[4] The record reflects that this procedural issue was raised and argued by the appellants in their appeal to the BZA and in the district court, neither of which addressed the issue in its affirmation of the Director's determination and the BZA decision, respectively.