| | | |
|---|---|---|
| **MAYMAR ENGINEERS & CONTRACTORS, L.L.C.** | * | **NO. 2022-CA-0567** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **THE CITY OF NEW ORLEANS; ZACHARY SMITH, IN HIS CAPACITY AS THE DIRECTOR OF THE DEPARTMENT OF SAFETY AND PERMITS; AND THE BOARD OF ZONING ADJUSTMENTS** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

**CONSOLIDATED WITH:**               **CONSOLIDATED WITH:**

**MAYMAR ENGINEERS & CONTRACTORS, L.L.C.**               **NO. 2022-CA-0568**

**VERSUS**

**THE CITY OF NEW ORLEANS; TAMMIE JACKSON, IN HER CAPACITY AS THE INTERIM DIRECTOR OF THE DEPARTMENT OF SAFETY AND PERMITS; AND THE BOARD OF ZONING ADJUSTMENTS**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06257 C/W 2020-02448, DIVISION "B-5"
Honorable Rachael Johnson,
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Karen K. Herman)

*DYSART, J., CONCURS IN THE RESULT*

Sharonda R. Williams
SR WILLIAMS CONSULTING L.L.C.
1615 Poydras Street, Suite 900
New Orleans, LA 70112

        COUNSEL FOR PLAINTIFF/APPELLEE

Mark Daniel Macnamara
Assistant City Attorney
Donesia D. Turner
City Attorney
CITY OF NEW ORLEANS
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLANT

            **DISMISSED IN PART AND**
            **REVERSED IN PART**
                        **APRIL 11, 2023**

KKH
RLB

In this consolidated appeal Appellants/Defendants, the City of New Orleans, its Director of the Department of Safety and Permits and the Board of Zoning Adjustments ("the City defendants") appeal district court judgments dated October 12, 2020 and May 9, 2022. In those judgments the trial court reversed two decisions by the Board of Zoning Adjustments ("BZA") regarding efforts by Appellee/Plaintiff, Maymar Engineers & Contractors, L.L.C. ("Maymar"), to erect a billboard on its property in the downtown area of New Orleans.

A review of the record reveals that in the first case, Civil District Court case number 2019-6257, the City defendants did not file a written motion for appeal; nor did the City defendants orally move to appeal during proceedings in open court as required by La. C. C. art. 2121. Consequently, there is no order granting an appeal. As observed in *El-Mumit v. Fogg*, 1988-0356, p. 7 (La. App. 1 Cir. 9/28/17), 232 So.3d 590, 594, an order for appeal is a *sine qua non* for a valid appeal. Further, La. C. C. P. art. 2088 provides that the trial court's jurisdiction is divested and that of the appellate court attaches only when a party wishing to appeal an adverse judgment obtains an order of appeal. *Noyel v. City of St. Gabriel,*

1

2015-1890, p. 4 (La. App. 1 Cir. 9/1/16), 202 So.3d 1139, 1142, *writ denied*, 2016-1745 (La. 11/29/16), 213 So.3d 392. An order of appeal is jurisdictional, and this lack of jurisdiction can be noticed by the court on its own motion at any time. *Id.*

Had the City defendants wished to appeal the October 12, 2020 judgment, they would have had to request a suspensive appeal with 30 days of that date or a devolutive appeal within 60 days. Moreover, the earlier judgment is not in the City's Assignment of Errors, and so could also be deemed abandoned pursuant to Uniform Rules, Ct. of App. Rule 2-12.4(B)(4). For these reasons we dismiss the appeal from that case.

Regarding the May 9, 2022 judgment, a timely motion for suspensive appeal was filed and granted, and the merits of that appeal are considered below.[1]

## FACTS AND PROCEDURAL HISTORY

Maymar is an engineering firm that owns property at 2008 Poydras Street that is located adjacent to Interstate 10 on the westbound side. In 2014 Maymar went before the City Planning Commission ("CPC") in an attempt to place a billboard on that property. The record reflects that Maymar's efforts met neighborhood opposition, and that the request was denied after the CPC concluded that the proposed billboard was too large for the property, would worsen visual clutter and cause traffic hazards by distracting motorists.

Maymar renewed its billboard plans in March 2019, when it notified neighbors of its intention to seek permission for a two-sided billboard and scheduled two meetings to hear their thoughts. When no opposition was raised,

---

[1] As a preliminary matter, there is a Re-urged Motion to Dismiss Appeal as Untimely before the Court. On November 28, 2022, appellee filed a Motion to Dismiss Appeal as Untimely and this Court denied that motion on February 2, 2023. Appellee re-urged that motion contending that the Court relied on the wrong version of Rule 2-7.4 of the Uniform Rules of the Courts of Appeal in its denial. This Court has considered the request for reconsideration and finds it lacks merit. That motion is hereby denied.

2

Maymar filed an application with the City requesting a variance from the Comprehensive Zoning Ordinance ("CZO") provision that prohibits a billboard being erected within 1,000 feet of an existing billboard. This request was denied by the BZA, which led to the initial lawsuit and appeal that was discussed and dismissed above.

While seeking review by that lawsuit, Maymar took another tack by proposing a one-sided billboard on the same site and again asking for a variance because it would be within 1,000 feet of an existing billboard. CPC staff member Rachel Berg published a 21-page report to the BZA recommending the request be denied. In her report she first identified four existing billboards that would be within 1,000 feet of the one proposed by Maymar. Ms. Berg next pointed out that the plans of the proposed billboard would violate, on two sides of the lot, a separate CZO provision, Art. 24, Sec. 24.14.C(4)), which requires that a billboard be at least five feet from the property lines. Finally, she opined that the proposed billboard would violate Article 24, Section 24.14.C (5) of the CZO as it would be within 1,000 feet of an electronic billboard located at 1923 Poydras.

The staff of the BZA joined Ms. Berg in her recommendation in time for the Board's August 12, 2019 meeting. In the months that followed, Maymar requested and obtained several postponements. The BZA finally took up the matter at its February 10, 2020 meeting and unanimously denied the variance request.

From that decision Maymar filed its second suit in Civil District Court requesting review. The matter was heard on April 11, 2022, after which the trial court granted the writ and reversed the BZA decision. From that judgment dated May 9, 2022, the City defendants sought and were granted a suspensive appeal.

**STANDARD OF REVIEW**

3

Questions of law such as those presented here are reviewed by this Court under the *de novo* standard of review. *Cordes v. Board of Zoning Adjustments,* 2009–0976, p. 6 (La. App. 4 Cir. 1/20/10), 31 So.3d 504, 508, (citing *Sarpy v. ESAD, Inc.,* 2007–0347, p. 4 (La. App. 4 Cir. 9/19/07), 968 So.2d 736, 738.) It is also well-settled law in this Court that, while subject to judicial review under La. R.S. 33:4727(e), decisions of the BZA are to be accorded "a presumption of validity and are subject to judicial review only as to whether they are arbitrary, capricious or an abuse of discretion." *French Quarter Citizens For Preservation of Residential Quality, Inc. v. New Orleans City Planning Comm'n,* 1999–2154, p. 3 (La. App. 4 Cir. 4/12/00), 763 So.2d 17, 18–19 (citing *Curran v. Board of Zoning Adjustments*, 1990–1441 (La. App. 4 Cir. 04/16/91), 580 So.2d 417, 418. The test of whether a zoning board's action is arbitrary and capricious is whether the action is reasonable under the circumstances. *Vieux Carre Property Owners v City of New Orleans,* 2014-0825, p. 6 (La. App 4 Cir. 4/15/15) 216 So.3d 873, 877 (quotation omitted). "[W]hen there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached." *Id.* at 878 (citation omitted). In zoning cases, the burden of proof is on the plaintiff to show an arbitrary and unreasonable exercise of authority, and whenever the propriety of a zoning decision is debatable, it will be upheld. *Palm-Air Civic Assn., Inc. v Syncor Intern., Corp.* 1997-1485, p. 7 (La. App. 4 Cir. 3/4/98) 709 So.2d 258, 262.

## LAW AND ANALYSIS

Article 4.6(F) of the CZO provides that all nine of the below criteria must be met before granting a variance request:

The Board of Zoning Adjustments may authorize a variance only when the evidence presented supports a finding that each case indicates all of the following:

1. Special conditions and circumstances exist that are peculiar to the land or structure involved and are not generally applicable to other lands or structures in the same zoning district.
2. Literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.
3. The special conditions and circumstances do not result from the actions of the applicant or any other person who may have had an interest in the property.
4. Granting the variance requested will not confer on the applicant any special privilege which is denied by this Ordinance to other lands or structures in the same district or similarly situated.
5. The variance, if granted, will not alter the essential character of the locality.
6. Strict adherence to the regulation by the property would result in a demonstrable hardship upon the owner, as distinguished from mere inconvenience.
7. The request for the variance is not based primarily upon a desire to serve the convenience or profit of the property owner or other interested party(s).
8. The granting of the variance will not be detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located.
9. The proposed variance will not impair an adequate supply of light and air to adjacent property, increase substantially the congestion in the public street, increase the danger of fire, or endanger the public safety.

As this Court explained in *Antunez v. City of New Orleans Board of Zoning Adjustments,* 2015-0406, p. 3 (La. App. 4 Cir. 2/24/16) 187 So. 3d 525, 527, prior to the BZA meeting, the staff compiles a report that analyzes all nine criteria and provides a recommendation. As discussed above, such a report was prepared culminating in a recommendation that Maymar's variance request be denied.

Maymar clearly underestimated or intentionally understated the potential problems with its billboard plan when it filed the variance request; the application referenced only a single billboard within 1,000 feet of Maymar's and

5

on the same side of the street. Ms. Berg, however, quickly determined that the one existing billboard mentioned in Maymar's application was only one of many obstacles to its proposal. In her report, she noted that the petitioned billboard was within 1,000 feet of eleven billboards, and that five of these billboards were along either the same street (Poydras Street), or along the same freeway (I-10 Expressway), thus requiring five waivers from CZO provisions. Additionally, other factors militated against granting a variance, particularly the dimensions of the lot and size of the billboard, as it would hang over the property lines without the required setback of 5 feet. After the Article 4.6(F) criteria were then considered, it was recommended that the variance request be denied. The BZA then adopted that recommendation and denied Maymar's request.

In its brief, Maymar contends that several of the nine criteria were incorrectly analyzed by the CPC staff and then the BZA. Of the nine criteria considered, the report was sympathetic to Maymar's situation only as to the first, i.e. that special conditions exist peculiar to Maymar's small triangular-shaped lot which are not applicable to similar lots in that zoning district. However, to that point, the report observed in its analysis of the third factor that Maymar "purchased the property in question with the intent to construct a noncompliant billboard relying on nonexistent precedents," and, therefore, the "special conditions result from the actions of the applicant."

Next, Maymar argues that the staff report failed to determine if numerous billboards in the vicinity are within 1,000 linear feet of each other and do not meet the setback requirement. While that argument is true as far as it goes, it ignores the CPC report explanation that its research indicated that no variance requests had been granted under the current CZO, leading to the conclusion that

6

the billboards on those properties likely predated the current billboard regulations.

At any rate, there is no indication that Maymar offered evidence that there are neighboring billboards that violate the setback requirement such that those owners received any special privilege.

Again, as this Court declared in *Vieux Carre Property Owners, supra,* a reviewing court need only conclude that the BZA decision is reasonable under the circumstances. Considering the thoroughness of the report upon which BZA based its decision, we cannot conclude that it acted unreasonably. Maymar failed to establish that the BZA's conclusions were arbitrary, capricious or an abuse of discretion. Further, as pointed out in *Palm-Air Civic Assn., Inc., supra,* the burden of proof rests with the party seeking the variance; Maymar had the report in hand for six months before the February 2020 hearing and had to be aware of the contents, yet it offered no evidence at the hearing to contradict the report's analyses. Therefore, this Court is of the opinion that the BZA's February 10, 2022 unanimous decision should be reinstated.

## DECREE

For the reasons stated appeal number 22-CA-0567 is dismissed. As to appeal number 22-CA-0568, the judgment of the district court is reversed and the decision of the Board of Zoning Adjustments is reinstated.

**DISMISSED IN PART; REVERSED IN PART**